JOHNSON *v.* THE SOUTHERN MUTUAL BUILDING AND LOAN ASSOCIATION.

Section five of the usury act of February 24, 1875 (Acts 1875, p. 105), now embodied in section 2057(e) of the code, was not repealed by the usury act of October 14, 1879 (Acts 1878-1879, p. 185), and consequently an action for the recovery of money paid as usury must be brought within one year from the time such payment was made, or the same will be barred.

December 21, 1895.

Complaint.     Before Judge Van Epps.     City court of Atlanta.     January term, 1895.

*W. H. Terrell* and *Glenn & Rountree*, for plaintiff.
*Ellis & Gray*, for defendant.

SIMMONS, Chief Justice.

This was an action to recover usury alleged to have been paid by the plaintiff to the defendant. The defendant demurred to the petition and moved to dismiss it on the ground that the action was barred by the statute of limitations, it appearing from the petition that the usury sought to be recovered was paid more than one year before the suit was filed. The court sustained the demurrer and dismissed the action, and the plaintiff excepted.

The act of 1875 entitled "An act to regulate and restrict the rate of interest in this State, and for other purposes therein mentioned," after providing that it should not be lawful to reserve, charge or take any rate of interest greater than twelve per cent. per annum, and that any person, company or corporation violating this provision should forfeit the interest so charged or taken, provided also that "any plea or suit for the recovery of such forfeiture shall not be barred by the lapse of time shorter than one year." (Acts 1875, p. 105.) This was an extension of the period of limitation prescribed by the act of 1871, which was six months. (Acts 1871, p. 75.) This part of the act of 1875 was embodied in the code (§2057e), and it is conceded that it is still the law unless repealed by the act of Oct. 14, 1879.

(Acts 1878--9, p. 184.)   In the case of *Lilly* v. *DeLa-periere*, 76 *Ga.* 348, there was a query by Blandford, J., whether this act repealed the limitation, but the question has not heretofore been decided by this court.   The act of 1879 is entitled "An act to regulate and restrict the rate of interest in this State, and for other purposes."   It changed the maximum rate of interest to eight per cent., and among other provisions, some of which are similar to provisions contained in the act of 1875, it contains one providing for a forfeiture of interest charged or taken in excess of that rate, but it says nothing as to the limitation of the time of filing pleas or suits for the recovery of the forfeiture.   The contention of counsel for the plaintiff in error was, that this act was intended as a substitute for the act of 1875, and repealed by implication such parts of that act as were not reenacted in the later act.

Certain decisions were referred to by counsel for the defendant in error, in which it was questioned whether, in view of the provision of our constitution which declares that "no law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made," there can be a repeal by implication in this State (*Central Railroad* v. *Hamilton,* 71 *Ga.* 461; *Montgomery* v. *Board of Education,* 74 *Ga.* 44); but this is no longer an open question.   It is now settled that an act which does not purport to amend or repeal any particular law or section of the code is not within the inhibition of this clause of the constitution (*Peed* v. *McCrary,* 94 *Ga.* 488);   and this view is supported by numerous adjudications in other States where similar constitutional provisions exist.   (See Cooley on Constitutional Limitations (ed. 1890), p. 182, and cases cited.)   Repeals by implication, however, are not favored; and it is only in so far as a statute is clearly repugnant to a former statute,

and so irreconcilably inconsistent with it that the two can-
not stand together, or is manifestly intended to cover the
subject-matter of the former and operate as a substitute for
it, that such a repeal will be held to result.    The intention
to repeal must be plain and unmistakable.    (See cases cited
from 71 *Ga.* and 74 *Ga. supra;* Sutherland, Statutory Con-
struction, §§138 *et seq.*, 154, 155.)    It is certainly not
clear that the legislature intended by the act of 1879 to
repeal the limitation clause of the act of 1875; indeed we
see no reason whatever for supposing that they did so in-
tend.    This provision constitutes a distinct section of the
act of 1875, and its subject-matter is wholly different from
that of any other part of that act, or of any part of the act
of 1879; and there is nothing in the latter act to suggest any
reason why the limitation was not intended to stand.    Such
a limitation is as much in harmony with an act which fixes
the maximum rate of interest at eight per cent. as it is with
an act which fixes the maximum rate at twelve per cent.
How then can it be inferred that the legislature intended to
repeal the limitation?    In 1873 an act was passed which in
terms repealed all laws upon the subject of usury, yet it was
held by this court that it did not repeal the limitation clause
of the usury act of 1871.    (*Everett* v. *Planters Bank*, 61
*Ga.* 38.)    We think there is equal reason for holding that
the act of 1879 did not repeal the limitation clause of the
act of 1875.    It has been held, that while as a general rule
a statute which revises the subject-matter of a former one
works a repeal without express words to that effect, yet
where the later act contains a provision like that contained
in the act of 1879, to the effect that all laws and parts of
laws in conflict with the act are thereby repealed, there is
an implication that parts of the former acts not expressed in
the new act are not repealed.    (Sutherland, Statutory Con-
struction, §155, and cases cited; Lewis *v.* Stout, 22 Wisc.
234.)    Whether this is so or not, we think it is clear that
there can be no repeal by implication of a provision the

subject-matter of which is not dealt with at all in the later act, and which is not in any way inconsistent with or repugnant to that act. The court below was therefore right in sustaining the demurrer and dismissing the action.

*Judgment affirmed.*