### 44371. HARRIS v. THE STATE.

BELL, Presiding Judge. Defendant was convicted of manufacturing intoxicating liquor. The evidence showed that Murphy, a deputy sheriff, and Lott, a revenue agent, were hiding near the whiskey still, and spotted defendant walking along a path leading to it. Murphy testified that defendant proceeded to the still, raised a tin cover, stuck his hand inside and tasted the contents. Lott testified that defendant merely started to raise the tin cover and spotted the agent at that point. Lott then arrested defendant. Lott also testified that defendant's shoe prints matched other tracks around the still which had been made on a previous occasion. The contents of the still had fermented to an alcoholic stage, but the still was not then operational because the condenser was missing.

In his unsworn statement defendant explained that while on his way to his employment he detoured to the still looking for another man for the sole purpose of collecting a personal debt of forty dollars. Murphy conceded that he knew defendant as a man of excellent character. *Held:*

One's presence at a still is not alone sufficient to sustain his conviction of manufacturing intoxicating liquor. In addition there must be shown some act or acts essential to the illegal manufacture of the liquor. *Demonia v. State,* 66 Ga. App. 114 (1) (17 SE2d 204). Defendant's act of opening the still and tasting the beer was not necessarily a part of the process of manufacture. It was also consistent with idle curiosity. "He may have been prying about and examining the various processes of manufacture . . . without necessarily being concerned in the production of the 'slop' or 'beer,' or the alcoholic product to be derived therefrom." *Smith v. State,* 16 Ga. App. 291, 293 (85 SE 281). It did not appear that defendant owned the still, that it was located on land in his possession or that he had any interest in the proceeds. See *Burchfield v. State,* 40 Ga. App. 506 (150 SE 459). We do not think the conviction was authorized. See *Ward v. State,* 21 Ga. App. 655 (94 SE 816); *Mickens v. State,* 27 Ga. App. 581 (110 SE 623); *Bundrick v. State,* 41 Ga. App. 377 (153 SE 77); *Norris v. State,* 43 Ga. App. 566, 570 (159 SE 597).

*Judgment reversed. Eberhardt and Deen, JJ., concur.*

ARGUED APRIL 9, 1969—DECIDED MAY 15, 1969.

*Robert E. Williams,* for appellant.