74999. FOWLER v. THE STATE.
(360 SE2d 918)

BANKE, Presiding Judge.

The appellant was convicted of fraud in obtaining public assistance (OCGA § 49-4-15) and was sentenced to five years' probation. On appeal, she contends that the trial court erred in imposing as a condition of her probation a requirement that she pay $500 to the clerk of the court as restitution for the fees of her appointed counsel.

*Held*:

The Georgia Criminal Justice Act, OCGA § 17-12-1 et seq., establishes a comprehensive scheme for the provision of legal representation to "indigent persons" in criminal proceedings. OCGA § 17-12-4 (a). "Indigent person" is defined by OCGA § 17-12-2 (5) to mean "a person who is unable, without undue hardship, to employ the legal services of an attorney or to defray the necessary expenses of legal representation, determined as provided for in this article."

Provision for the recoupment of benefits extended to criminal defendants under the Act is found in OCGA § 17-12-10, which provides, in pertinent part, as follows: "(c) To the extent that a person covered under this Code section is able to provide for the employment of an attorney, the other necessary services and facilities of representation, and court costs, the court concerned may order him to provide for this payment or reimbursement." The Attorney General has construed this code section as authorizing "a superior court [to] tax additional amounts onto any fine or restitution where a criminal defendant was represented by a full or part-time public defender, but . . . only . . . to the extent of the individual defendant's financial capability to pay." 1985 Op. Att'y Gen., No. U85-32, p. 205. Additionally, the county is authorized pursuant to OCGA § 17-12-11 to file suit to recoup benefits from criminal defendants who were or who are at the time of the filing of such suit financially able to pay for the benefits received.

Although the trial court determined at the sentencing hearing that the appellant was receiving income in the amount of $360 per month, there is no indication in the record that the court made any attempt to determine the amount of her assets, expenses, or outstanding obligations, so as to determine her ability to reimburse the county for the cost of her legal representation. See OCGA § 17-12-10 (a). In fact, the judge stated for the record that he assumed the appellant continued to "qualify as an indigent" and on that basis offered to appoint, and apparently did appoint, her trial counsel to continue to represent her on appeal. This record obviously provides no basis for a determination that the appellant was "able to provide for the employment of an attorney." It follows that no basis has been shown for requiring her to reimburse the county for the expenses of her legal representation pursuant to OCGA § 17-12-10 (c), supra. That portion of the sentence is consequently vacated.

*Judgment vacated in part. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 10, 1987.

*James T. Irvin*, for appellant.
*Michael H. Crawford, District Attorney, Leonard Geldon, Assis-*

*tant District Attorney, Michael J. Bowers, Attorney General*, for appellee.