### 76690. OWENS v. THE STATE.
#### (369 SE2d 919)

DEEN, Presiding Judge.

The appellant, Willie Owens, pleaded guilty to a charge of burglary, and was sentenced to four years' probation. In addition to the usual conditions of probation, as special conditions Owens was required to reimburse Lowndes County for the expenses incurred for his court-appointed attorney, and to make restitution in the amount of $2,265.22. On appeal, Owens contends that imposition of these two special conditions of probation was error.

Owens was indicted for burglary on September 18, 1987. On October 16, 1987, the trial court appointed counsel for Owens after finding that he was indigent. Prior to entry of the sentence on January 29, 1988, no further inquiry or findings were made as to Owens' income, assets, or ability to pay for counsel. Also, no hearing or discussion on

the matter of restitution was conducted prior to entry of the sentence. *Held*:

1. OCGA § 17-12-10 (c) allows for recoupment from a defendant of the costs incurred by the county in appointing counsel for that defendant, "[t]o the extent that a person covered under this Code section is able to provide for the employment of an attorney. . . ." As in *Fowler v. State*, 184 Ga. App. 177 (360 SE2d 918) (1987), the trial court inappropriately sentenced the indigent defendant to pay for the cost of his legal representation, where the record provides no basis for a determination that he was able to pay for the employment of the attorney. Accordingly, that portion of the sentence must be vacated.

2. Concerning the determination of whether restitution is appropriate, OCGA §§ 17-14-8 through 17-14-10 contemplate a hearing and specific written findings by the court. *Patterson v. State*, 161 Ga. App. 85 (289 SE2d 270) (1982). OCGA § 17-14-10 provides that "[i]n determining the nature and amount of restitution, the ordering authority shall consider: (1) The present financial condition of the offender and his dependents; (2) [T]he probable future earning capacity of the offender and his dependents; (3) The amount of damages; (4) The goal of restitution to the victim and the goal of rehabilitation of the offender; (5) Any restitution previously made; (6) The period of time during which the restitution order will be in effect; and (7) Other appropriate factors which the ordering authority deems to be appropriate." This was not done in this case, and the omission was not harmless error. *Baker v. State*, 183 Ga. App. 100 (357 SE2d 896) (1987). Accordingly, "[t]he case must be remanded to the trial court to reconsider the matter consistent with the statutes and the case law." Id. at 101.

*Judgment reversed and case remanded with direction. Carley and Sognier, JJ., concur.*

DECIDED MAY 26, 1988.

*Richard J. Joseph*, for appellant.
*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.