## 77575. HALL v. THE STATE.
(377 SE2d 907)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of the "manufacture of non-tax paid distilled spirits" in violation of OCGA § 3-3-27 (a) (1). He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. Appellant enumerates the general grounds, urging that the evidence showed only his presence at the still where the liquor was being produced.

"One's presence at a still is not alone sufficient to sustain his conviction of manufacturing intoxicating liquor. In addition there must be shown some act or acts essential to the illegal manufacture of the liquor. [Cit.]" *Harris v. State,* 119 Ga. App. 684, 685 (168 SE2d 337) (1969). In the present case, the evidence did show more than appellant's mere presence at the still. The State produced direct evidence that appellant was actively working at the still. Just prior to his arrest, appellant was personally observed by a police officer. Although the officer could not see exactly what it was that the appellant was doing "as far as pouring something in or stirring something," the officer's testimony did show that he had seen appellant actively engaged in the general operation of the still. "One who is present at a distillery when liquor is being manufactured and *personally assists in any way* in the manufacture is guilty of manufacturing liquor. . . . [Cits.]" (Emphasis supplied.) *Tanner v. State,* 90 Ga. App. 789, 791 (2) (84 SE2d 600) (1954). From the eyewitness testimony and the circumstantial evidence produced at trial, a rational trior of fact could reasonably have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Tanner v. State,* supra.

2. Appellant enumerates a portion of his sentence as erroneous. The specific enumeration is that the trial court erred insofar as it imposed a requirement that appellant pay "restitution for court-appointed attorney's fees as a condition of probation without making a determination of his ability to pay."

A trial court, having appointed legal counsel to represent a criminal defendant under the provisions of the Georgia Criminal Justice Act, may " 'tax additional amounts onto any fine or restitution where a criminal defendant was represented by a full or part-time public defender, but . . . only . . . to the extent of the individual defendant's financial capability to pay.' [Cit.]" *Fowler v. State,* 184 Ga. App.

177, 178 (360 SE2d 918) (1987). "Although the trial court [in the present case] determined at the sentencing hearing that the appellant [was regularly employed], there is no indication in the record that the court made any attempt to determine the amount of [appellant's] assets, expenses, [income], or outstanding obligations, so as to determine [his] ability to reimburse the county for the cost of [his] legal representation. See OCGA § 17-12-10 (a). In fact, the judge . . . [appointed appellant's] trial counsel to continue to represent [him] on appeal. The record obviously provides no basis for a determination that the appellant was 'able to provide for the employment of an attorney.' " *Fowler v. State*, supra at 178. "[T]he trial court inappropriately sentenced the indigent defendant to pay for the cost of his legal representation, where the record provides no basis for a determination that he was able to pay for the employment of the attorney. Accordingly, that portion of the sentence must be vacated." *Owens v. State*, 187 Ga. App. 262, 263 (1) (369 SE2d 919) (1988). The trial court is, therefore, directed to vacate as a condition of appellant's probated sentence the requirement that restitution of attorney's fees be made.

*Judgment of conviction affirmed. Sentence affirmed in part and reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 11, 1989.

*Jones & Geeter, Shane M. Geeter*, for appellant.
*Joseph H. Briley, District Attorney, Rosanna Musengo, Assistant District Attorney*, for appellee.