## A92A0744. WOODS v. THE STATE.
(419 SE2d 513)

JOHNSON, Judge.

Morgan Woods was convicted of driving under the influence of alcohol and driving after being declared an habitual violator. The trial court, as part of a probated sentence, ordered Woods to pay $2,500 to the county as "restitution" for medical expenses he incurred while being held in the county jail awaiting trial. The medical treatment provided to Woods was for an injury he received prior to his arrest and unrelated to the charges on which he was tried. The court also ordered Woods to pay $185 for operation, staffing, and construction of the county jail. Woods does not challenge his conviction, but appeals only from his sentence.

1. Woods asserts that the trial court erred in requiring him to pay "restitution" for medical expenses he incurred in jail while awaiting trial. Woods argues that his own medical expenses are not a proper subject for restitution. Further, he claims that even if the court properly ordered repayment of the medical expenses, it erred in failing to conduct an evidentiary hearing as to the amount of the expenses.

Woods is correct in asserting that the statutory definition of restitution does not include repayment of his own medical expenses. " 'Restitution' means any property, lump sum, or periodic payment ordered to be made by any offender to any victim by any ordering

authority." OCGA § 17-14-2 (7). For purposes of restitution, " '[d]amages' means all damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced. . . ." OCGA § 17-14-2 (2). "The statutory scheme requires the court to determine what type of civil action could be maintained by the victim, and to determine what the proper measure of damages would be in such a civil action." (Punctuation and citations omitted.) *Lomax v. State,* 200 Ga. App. 233, 234 (407 SE2d 462) (1991). In the instant case, there is no victim suffering damages caused by Woods' habitual violator or DUI offenses. The county in this case is not a victim as anticipated by the statutory scheme. The medical expenses incurred by Woods while in custody were not caused by the acts for which he was sentenced. Accordingly, Woods' reimbursement to the county for his own medical expenses does not fall under the statutory meaning of restitution.

In construing the entire judgment, however, we find that the trial court did not intend to order restitution to a victim. "A sentence must be construed as any other judgment and the usual canons of construction should be applied. It must be reasonably construed in accordance with the intent of the trial court if the language discloses such intent clearly and without doubt or obscurity. The language should be given its ordinary meaning and should be construed to give effect to the intention of the judge who imposed it if possible. The language used by the trial judge is unimportant if the purpose and intent in pronouncing sentence is clear. The judgment or sentence must be construed in its entirety. [Cit.]" *Watts v. State,* 141 Ga. App. 127, 132 (7) (232 SE2d 590) (1977); see *Alliston v. State,* 183 Ga. App. 462, 464 (3) (359 SE2d 220) (1987). At Woods' sentencing hearing the judge stated, "I want you to reimburse Madison County in the amount of $2,500.00 or thereabout for medical expenses that have been incurred on your behalf." In the written judgment, Woods was ordered to pay $2,500 to the State Probation Office. Moreover, this requirement was set forth in the section of the judgment entitled "Other Conditions of Probation." The judge clearly did not intend the above expenses to be taxed against Woods as restitution to a victim. Instead, he intended to order Woods to reimburse the county for the expenses as a condition of his probation. This is not a case where medical treatment was provided by a county to an inmate who became ill or was injured while he was in the county's custody. Rather, the injury in this case occurred prior to Woods' arrest and was not related to his offenses. Under these circumstances, the court did not err in conditioning Woods' probation upon repayment of his own medical expenses.

"Here we have the defendant attacking the probated portion of his sentence which is certainly in his favor in allowing him to serve

[it] outside the confines of the penitentiary. We have found no authority which would prevent the court from determining the terms and conditions of his probation which is within the sound discretion of the court in probating it. The court could very well have imposed [the maximum] sentence upon the defendant without any portion of it being probated. We find no abuse of discretion by the court in requiring the above payments as a condition of probation." *Giddens v. State,* 156 Ga. App. 258, 262 (4) (274 SE2d 595) (1980).

Although the trial court properly ordered reimbursement of Woods' medical expenses as a condition of probation, it failed to hold a hearing as to the value of the medical care provided to Woods. The State concedes that the record is bare as to the amount of the expenses and that the court should have held such a hearing. We agree with the parties. Accordingly, the court's order of reimbursement of $2,500 as medical expenses must be vacated and the case remanded to the trial court to set an amount of reimbursement based on competent and relevant evidence.

2. Woods also contends that the trial court erred in ordering him to pay a $185 fee for operation, staffing and construction of the county jail. We agree. There are no statutes which specifically authorize charging criminal defendants with the costs for operation, staffing and construction of jails. This case is very similar to and is controlled by *Walden v. State,* 258 Ga. 503, 504 (371 SE2d 852) (1988). We hold that the $185 fee is not taxable to Woods in the absence of specific statutory authority for imposing such a fee, and therefore reverse the trial court's order to the extent it holds otherwise.

*Judgment affirmed in part, reversed in part and case remanded. Carley, P. J., and Pope, J., concur.*

DECIDED JUNE 2, 1992.

*Michelle C. Feinberg, Robert W. Lavender,* for appellant.
*Lindsay A. Tise, Jr., District Attorney, Francis J. George, Assistant District Attorney,* for appellee.

