A93A1656. PENAHERRERA v. THE STATE.
(438 SE2d 661)

BEASLEY, Presiding Judge.

Appellant was charged with criminal damage to property in the second degree, for which the maximum sentence is five years' imprisonment. OCGA § 16-7-23 (b). Appellant requested first offender treatment and agreed to abide by the terms and conditions, after the court fully explained the ramifications of such a sentence. Thereafter, he was advised of the specifics and of the rights to appeal and sentence review.

He appeals the following sentence, which was imposed under the First Offender Act (OCGA § 42-8-60 et seq.) so as to allow avoidance of a felony criminal record: (1) five years' probation, conditioned upon successive periods in a Department of Corrections Detention Center (from 90 to 270 days), a Diversion Center (from 180 days to date all money is paid), and his own home with intensive supervision (not less than six months and until further order of court); (2) a fine ($1,200), restitution ($917.58), and the expenses of his court-appointed attorney (amount to be approved by court or indigent defense administrator).

Appellant is also required to obey all rules and regulations of the centers and the program during the respective phases. While resident at the diversion center, he is to surrender "all earnings and/or monies received" to the center in order to pay room and board and related expenses, the restitution, the fine, savings, and the attorney fee. Payments required by the court are to be made "from wages earned by the resident."

1. Appellant contends that he cannot be sentenced to both probation and confinement because OCGA § 42-8-60 (a) provides: "(a) [T]he court may, without entering a judgment of guilt and with the consent of the defendant: (1) Defer further proceeding and place the defendant on probation as provided by law; *or* (2) Sentence the de-

fendant to a term of confinement as provided by law." (Emphasis supplied.)

In *Pitts v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992), the question was whether the trial court could make incarceration of forty-eight months in a county correctional institution a special condition of probation in Pitts' sentence for three felonies. The court held that in the absence of express statutory authority, a trial court cannot impose any period of continuous and uninterrupted incarceration in a jail or penitentiary as a special condition of probation. It also held, however, that the trial court *can* probate the sentence and impose intermittent or limited confinement for a continuous period, other than in a jail or penitentiary.

A trial court has broad discretion to determine the terms and conditions of probation. *Pitts* at 637 (3). OCGA § 42-8-35 provides: "The court shall determine the terms and conditions of probation and may provide that the probationer shall . . . (6) Remain within a specified location." OCGA § 42-8-34.1 (b) lists, among others, "diversion centers, probation detention centers, [and] special alternative incarceration" as *alternatives* to confinement in prison and as suitable responses short of revocation of probation, when a probationer violates a condition of probation. This demonstrates the intention that such types of limited confinement are authorized terms of a sentence of probation. Boot camp, a "special alternative incarceration," may also be imposed as a condition *of* probation. OCGA § 42-8-35.1 (a). It, too, constitutes confinement of a nature and to a degree less than imprisonment in a jail or penitentiary.

OCGA § 17-10-1 (a) (1) grants to the sentencing judge "power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper, subject to the conditions set out in subsection [(a)]." Any "reasonable condition" may be imposed. *Grant v. State*, 176 Ga. App. 460 (1) (336 SE2d 354) (1985). As said in *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974), "Probated and suspended sentences, upon reasonable conditions, have traditionally been used by trial judges in Georgia as effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement." The confinement referred to means imprisonment in a jail or penitentiary, which is primarily punitive, rather than the type of confinement described in *Pitts*, supra, where the primary goal is rehabilitation. Of course, any deprivation of liberty has punitive aspects.

Georgia law thus authorizes a trial court to condition a defendant's probation on limited confinement in a detention or diversion center or own home. Such does not constitute incarceration, which refers to continuous and uninterrupted custody in a jail or penitentiary. *Chandler v. State*, 257 Ga. 775 (364 SE2d 273) (1988), is an

illustration of a probationer ordered to a diversion center. A first offender's probation may be subject to like conditions under OCGA § 42-8-60 (a) (1).

We reject appellant's argument that the only limited confinement permitted for a probationer is the 90-day boot camp authorized by OCGA § 42-8-35.1.[1] Moreover, the absence in OCGA § 42-8-60 (a) (1) of a similar requirement as that in OCGA § 42-8-35.1 (c), that boot camp start within 15 days of sentencing, does not preclude the above-described authority. The fact that defendant was not transferred to the detention center until 27 or 28 days after sentencing does not invalidate the sentence or violate its terms. The types of confinement designated in the sentence were within the bounds of the law and did not constitute an abuse of discretion. See *Woods v. State*, 204 Ga. App. 415, 417 (1) (419 SE2d 513) (1992).

2. Appellant next contends that the requirement that he pay the expenses of the county for his court-appointed attorney, undetermined at the time of sentencing, as a condition of his release from the detention center violates his due process and equal protection rights, because there has been no hearing on his ability to pay and his liberty will be curtailed as a result of his indigence.

Under *Bearden v. Georgia*, 461 U. S. 660, 672 (103 SC 2064, 76 LE2d 221) (1983), if a court determines that a fine or restitution is the appropriate and adequate penalty for a crime, it may not imprison a person solely because he lacks the resources to pay it. "A *Bearden* hearing [as to defendant's ability to pay] is required only when [a] fine is made a condition precedent of probation or probation is about to be revoked for failure to pay [a] fine." *Reid v. State*, 204 Ga. App. 358, 361 (4) (419 SE2d 321) (1992). Since neither is the case here, with respect to the complained-of attorney fee, *Bearden* does not apply. Appellant did not at the time sentence was imposed, and does not in the future under the terms of the sentence, face imprisonment if he is unable to repay the county for the cost of his counsel. This is true even though the court conditioned release from the diversion center after six months on the payment of the court-imposed monetary obligations, including the attorney fee. For that reason, *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984), is also inapplicable because in that case, incarceration in jail was the result of defendant's non-wilful failure to pay a fine at the outset. The court had determined that probation was an appropriate sentence but required that the fine be paid first. Here, the obligation is a condition *of* probation. Appellant entered probation with an opportunity to pay in

---

[1] Appellant was sentenced before the date the 1993 amendment became effective. See Ga. L. 1993, p. 444.

the future; probation was not withheld nor did incarceration follow any non-payment of financial obligations. Confinement at a diversion center is not akin to incarceration in a jail or penitentiary.

OCGA § 17-12-10 authorizes a court to require an indigent criminal defendant, as a condition of probation, to pay for the cost of his representation by a court-appointed attorney to the extent of the defendant's financial ability to pay. See *Fowler v. State*, 184 Ga. App. 177 (360 SE2d 918) (1987). The record must provide a basis for the determination concerning ability to pay. Id.

Here, there is such a basis. The trial court concluded, based on the presentence investigation, that defendant is eligible for the detention center program, which impliedly includes a finding of employability. By the terms of the "Diversion Center Conditions," made a part of the sentence, gainful employment is contemplated. The sentence gives appellant the future opportunity to earn the cost through outside employment while a resident of the diversion center, and the incentive to earn it as quickly as he is able by rewarding him with release after a six-month period as soon as it and certain other financial obligations are paid. The attorney fee and other obligations are to be paid only out of "wages earned by the resident." If there are none, of course, he is not required to pay while in the diversion center. Compare *Owens v. State*, 187 Ga. App. 262 (1) (369 SE2d 919) (1988), where the requirement of payment of the attorney fee was not conditioned on employment.

It is apparent that in the court's judgment, the assurance of steady employment after six months, so as to guarantee the funds by his own labor, required the supervision and structural living environment of a detention center. The court had the benefit of the presentence investigation report of the probation department to determine defendant's ability to work, and there is no evidence or contention that he was not able. If that becomes the case, appellant can petition the court for a modification of his sentence. OCGA § 42-8-34 (g); see *Dean v. Whalen*, 234 Ga. 182 (215 SE2d 7) (1975). Of course, his probation cannot be revoked if he is not able to pay. *Bearden*, supra. That is not to say that he must be released from the detention center if he has not paid the fee within 180 days and is able. That question has not yet arisen.

We find no abuse of discretion and no violation of any of the rights advanced by appellant.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED NOVEMBER 30, 1993.

*Jon W. McClure*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney,* for appellee.