S09A0845. CONCERNED CITIZENS OF WILLACOOCHEE et al.
v. CITY OF WILLACOOCHEE et al.

(680 SE2d 846)

THOMPSON, Justice.

In this appeal, we are called upon to decide which of two local legislative enactments governs the way in which the City of Willacoochee is to fill vacancies on its city council: the 1953 city charter which provides that vacancies can be filled by appointment, or a 1980 amendment to the charter which authorizes the calling of special elections. In deciding this question, we are guided by the principle that repeals by implication are not favored, and that it is only when a statute and a previous statute are clearly repugnant that a repeal by implication will result. *Johnson v. Southern Mut. Bldg. & Loan Assn.*, 97 Ga. 622, 623-624 (25 SE 358) (1895). Guided by this principle, we conclude that the 1953 and 1980 statutes can be read in harmony, and that the city is authorized to fill vacancies by either appointment or special election.

When the mayor of Willacoochee and a city councilman resigned, the remaining members of the city council filled the vacancies by appointment. Plaintiffs, Concerned Citizens of Willacoochee, and Glen Giddens, the former mayor, brought a petition for mandamus to require the council to fill the vacancies by holding a special election. The superior court determined the council was not required to hold a special election, and, therefore, mandamus did not lie. See generally *Bland Farms v. Ga. Dept. of Agriculture*, 281 Ga. 192, 193 (637 SE2d 37) (2006) (mandamus will not lie to compel official to perform discretionary act). Plaintiffs appeal.

Ga. L. 1953, p. 3039 created a new charter for the City of Willacoochee. This charter provides:

In the event that the office of mayor, or any one or more of the aldermen shall become vacant by death, resignation, removal or otherwise, said vacancy or vacancies may be filled by appointment and selected by the mayor and aldermen, in the case of vacancies in the board of aldermen, and by the aldermen in the case of a vacancy in the office of

mayor, and persons so selected shall be duly qualified to fill such vacancies for the unexpired terms provided it does not exceed [twelve] (12) months. If an unexpired term exceeds twelve (12) months, the same shall be filled in the above manner until the next regular election when the same shall be filled by election of the qualified voters of said city.

Id. at 3051.

The charter was amended in 1980 in various particulars, including the addition of a provision which reads, in pertinent part:

In case of a vacancy in the office of mayor or councilman from failure to elect, death, removal, or any cause whatsoever, the mayor and council have the power to call a special election ordered by the city council to take place not less than 30 nor more than 60 days after the call of said election, under the same rules and regulations that govern other elections in the city.

Ga. L. 1980, p. 3942.

The 1980 amendment deleted various provisions of the charter in their entirety. Other provisions of the charter were stricken and replaced; still others were amended by changes in wording. With regard to the filling of vacancies, the 1953 charter provision was left in place, thereby providing, within the same charter, for the filling of vacancies by either appointment or special election.

Plaintiffs assert the 1953 charter provision and the 1980 amendment are contradictory because they provide conflicting ways in which to fill vacancies. We disagree. The provisions are not in conflict; they simply provide alternative methods for filling vacancies. Vacancies "may be filled by appointment" or, in the discretion of the mayor and city council, a special election may be called. Inasmuch as neither provision mandates how vacancies are to be filled, the provisions are not in conflict.

Our conclusion is buttressed by a plain reading of the preamble to the 1980 act, which states that the charter is amended "to provide for filling vacancies." Ga. L. 1980, p. 3941. As noted by the trial judge, the preamble simply states that the purpose of the act is to fill vacancies; it does not state that it is intended to change the method of filling vacancies. This is in stark contrast with that portion of the preamble which deals with the qualifications of candidates. There the preamble expressly notes that the charter is amended "so as to change the qualifications of candidates for the office of mayor and city council." Id.

*Brackett v. Arp*, 156 Ga. 160 (118 SE 651) (1923), upon which

plaintiffs rely, is not apposite. In *Brackett*, the caption of the subsequent act made it clear that it was intended to create a new city charter. In this case, unlike *Brackett*, the subsequent act was not "manifestly intended to cover the subject-matter of the former [charter provision] and operate as a substitute for it." Id. at 163.

Because the city charter, as amended by the 1980 act, can be read in harmony to provide alternative methods for filling vacancies in the office of mayor or city council, the trial court did not err by denying mandamus relief.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 2009.

*C. Jerome Adams*, for appellant.
*William A. King*, for appellee.