A11A0591. MASON v. THE STATE.
(712 SE2d 76)

PHIPPS, Presiding Judge.

Joseph Mason contends that the trial court erred in denying his motion to correct an allegedly illegal sentence. For reasons that follow, we affirm.

Mason was indicted for first degree cruelty to children, an offense punishable by up to 20 years of imprisonment.[1] He entered a negotiated guilty plea to that charge and was granted first offender

[1] OCGA § 16-5-70 (e) (1).

treatment under the First Offender Act.[2] Mason was given a 15-year probated sentence, which included, as a special condition, confinement for a designated time period at a "Department of Corrections Detention Center." Contesting the confinement as punishment that the law did not allow,[3] Mason filed the underlying motion, which the trial court denied.

1. Mason maintains that he was unlawfully sentenced to both probation and confinement, citing OCGA § 42-8-60 (a) of the First Offender Act, which provides that under certain circumstances "the court may, without entering a judgment of guilt and with the consent of the defendant: (1) Defer further proceeding and place the defendant on probation as provided by law; *or* (2) Sentence the defendant to a term of confinement as provided by law."[4] This issue — whether the explicit language of OCGA § 42-8-60 (a) allows for either probation or confinement, but not both — has already been decided adversely to Mason.[5]

2. Mason claims the trial court was not authorized to order him confined to a probation detention center, citing a provision of the State-wide Probation Act,[6] OCGA § 42-8-35.4 (a).[7] Under that provision, our courts may require confinement at a probation detention center for two categories of individuals: (1) "defendant[s] convicted of a felony"; and (2) designated misdemeanants.[8] Mason argues that he falls within neither category.

The underlying indictment and guilty plea involved no misdemeanor. And although Mason pled guilty to the felony charge, he posits that he was not "convicted" because he was granted first offender treatment. Mason asserts that his position — that he has not been "convicted" — is supported by the plain language of OCGA

---

[2] See OCGA § 42-8-60 et seq.

[3] See *Ward v. State*, 299 Ga. App. 63, 64 (682 SE2d 128) (2009) (a sentence is void when it imposes a punishment that the law does not allow).

[4] (Emphasis supplied.)

[5] *Penaherrera v. State*, 211 Ga. App. 162-164 (1) (438 SE2d 661) (1993); see generally *Johanson v. State*, 260 Ga. App. 181, 184-185 (2) (581 SE2d 564) (2003) (physical precedent only).

[6] See OCGA § 42-8-20 et seq.

[7] OCGA § 42-8-35.4 (a) states, in relevant part:

In addition to any other terms and conditions of probation provided for in [the State-wide Probation Act], the trial judge may require that a defendant convicted of a felony and sentenced to a period of not less than one year on probation or a defendant who has been previously sentenced to probation for a forcible misdemeanor as defined in paragraph (7) of Code Section 16-1-3 or a misdemeanor of a high and aggravated nature and has violated probation or other probation alternatives and is subsequently sentenced to a period of not less than one year on probation shall complete satisfactorily, as a condition of that probation, a program of confinement in a probation detention center. . . .

[8] See *Wilson v. Windsor*, 280 Ga. 576, 577 (1) (630 SE2d 367) (2006).

§ 42-8-60 (a), which provides for first offender treatment "before an adjudication of guilt . . . and without [the court] entering a judgment of guilt." As additional support for his position that first offender treatment does not constitute a conviction, Mason relies on cases such as *Headspeth v. State*[9] and *State v. Allmond*.[10]

Notably, neither Mason's brief nor the record shows that this argument was presented to the trial court. Pretermitting whether the argument was required to be raised and ruled upon below,[11] however, we find it without merit because the argument overlooks another provision of the First Offender Act, OCGA § 42-8-65 (c). Pursuant thereto, persons who have been sentenced to a term of confinement under OCGA § 42-8-60 (a) (2)

> shall be deemed to have been convicted of the offense *during such term of confinement for all purposes* except that records thereof shall be treated as any other records of first offenders under this article and except that such presumption shall not continue after completion of such person's confinement sentence.[12]

In accordance with the plain language of that statutory provision,[13] during his term of confinement, Mason is deemed to be a convicted felon for purposes of OCGA § 42-8-35.4, and consequently, within a category of persons eligible to serve the ordered term of confinement at a probation detention center.

"All statutes are presumed to be enacted with full knowledge of existing law and their meaning and effect is to be determined with reference to the constitution as well as other statutes and decisions of the courts."[14] Thus, the legislature is presumed to have had full

---

[9] 266 Ga. App. 414 (597 SE2d 503) (2004).

[10] 225 Ga. App. 509 (484 SE2d 306) (1997).

[11] See *Smith v. State*, 292 Ga. App. 689, 691-692 (665 SE2d 399) (2008) (defendant's acquiescence to an illegal sentence, either through plea negotiations or failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver, because a void sentence in law amounts to no sentence at all). But see *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009) (noting that arguments contesting legality of sentence cannot be raised for the first time on appeal because appellate courts are "for the correction of errors . . . [and] do not consider issues which were not raised below and ruled on by the trial court") (punctuation and footnote omitted). Cf. *Turner v. State*, 284 Ga. 494, 497 (2) (668 SE2d 692) (2008) (where merger was expressly rejected by defendant in order to effectuate negotiated pleas, defendant waived any claim that resulting multiple sentences were void on double jeopardy grounds).

[12] OCGA § 42-8-65 (c) (emphasis supplied).

[13] *Wilson*, supra at 578 (1) ("If the plain language of the statute is susceptible of only one meaning, courts must follow that meaning unless to do so would produce contradiction or absurdity.") (citation and punctuation omitted).

[14] *Higdon v. City of Senoia*, 273 Ga. 83, 86 (3) (538 SE2d 39) (2000) (citation omitted),

knowledge of OCGA § 42-8-65 (c),[15] as well as this court's holding in *Penaherrera v. State*,[16] when it enacted OCGA § 42-8-35.4.[17] If the legislature had intended to exclude from OCGA § 42-8-35.4's purview perpetrators of felonies who were granted first offender treatment, notwithstanding OCGA § 42-8-65 (c), it easily could have so provided.[18] It was not explicitly stated, and we glean no legislative intent to so curtail the reach of OCGA § 42-8-35.4. Indeed, a trial court exercising its discretion to grant first offender treatment to the perpetrator of a felony may sentence that offender to imprisonment in a penitentiary.[19] Notably, a requirement that a perpetrator of a felony, who is given a probated sentence as first offender treatment, "complete satisfactorily, as a condition of that probation, a program of confinement in a probation detention center"[20] is confinement "of a nature and to a degree less than imprisonment in a jail or penitentiary."[21]

Mason's reliance upon the Code section and cases he cites is misplaced. While Mason correctly points out that OCGA § 42-8-60 (a)

---

cited in *Harris v. State*, 286 Ga. 245, 247-248 (4) (686 SE2d 777) (2009).

[15] See Ga. L. 1985, p. 380, § 2 (enacting current OCGA § 42-8-65 (c) as OCGA § 42-8-65 (d), and announcing in the preamble that the enactment is, inter alia, "to provide for treatment of persons sentenced to terms of confinement as having been convicted during such terms of confinement"). See generally *Concerned Citizens of Willacoochee v. City of Willacoochee*, 285 Ga. 625, 626 (680 SE2d 846) (2009) (reviewing preamble in connection with interpreting statutory language).

[16] Supra at 163-164 (1) (noting that a trial court has broad discretion to determine the terms and conditions of probation and holding that first time offender's confinement at a *probation detention center* was within the bounds of the law).

[17] See Ga. L. 1995, p. 627, § 1 (enacting OCGA § 42-8-35.4, and announcing in the preamble that the enactment amends the State-wide Probation Act, inter alia, "to provide statutory authority and to delineate uses for probation detention centers" and "to authorize a trial judge to require certain persons who have been sentenced to not less than one year on probation to complete satisfactorily a program of confinement in a probation detention center as a condition of probation"). See generally *Concerned Citizens of Willacoochee*, supra.

[18] See, e.g., OCGA §§ 17-10-6.1 (b) (3) (providing, in pertinent part, that "[n]o person convicted of a serious violent felony shall be sentenced as a *first offender pursuant to* [the First Offender Act], relating to probation for first offenders, or any other provision of Georgia law relating to the sentencing of first offenders"); 42-8-66 (providing, "The [First Offender Act] shall not apply to any person who is convicted of a serious violent felony as defined in subsection (a) of Code Section 17-10-6.1.").

[19] See *Davis v. State*, 269 Ga. 276, 277 (2) (496 SE2d 699) (1998) (noting that, under First Offender Act, an individual may be ordered to, inter alia, serve the term of imprisonment handed down); *Wilson v. State*, 259 Ga. App. 627, 628 (2) (578 SE2d 260) (2003) (noting that a trial court exercises its discretion in *determining whether to grant probation to a first time offender*, and further rejecting first time offender's complaint that he was ordered "to serve 'straight time,' without any probationary period," because nothing in OCGA § 42-8-60 (a) mandates a probationary period for first offenders).

[20] OCGA § 42-8-35.4 (a); see OCGA § 42-8-44 (providing that the State-wide Probation System article, of which OCGA § 42-8-35.4 is a part, "shall be liberally construed so that its purposes may be achieved").

[21] *Penaherrera*, supra at 163 (1).

allows for probation and sentencing "before an adjudication of guilt . . . and without [the court] entering a judgment of guilt," the purpose of the First Offender Act is to protect the first offender from the stigma of having a criminal *record*.[22] And cases such as *Headspeth* do not control the issue presented in this contention because they do not concern the legality of probationary or confinement terms imposed under OCGA § 42-8-60 (a).[23] Nor does *Allmond* provide any basis for reversal. Not only is that case inapposite because it concerned whether OCGA § 17-10-6.1 foreclosed first offender treatment to perpetrators of serious violent felonies, but the holding reached by *Allmond* has been statutorily superseded.[24]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED MAY 31, 2011 —
RECONSIDERATION DENIED JUNE 17, 2011 — 

Joseph Mason, *pro se.*
Catherine H. Helms, *District Attorney,* Charles M. Stines, *Assistant District Attorney,* for appellee.

---

[22] *Davis*, supra.

[23] See *Headspeth*, supra at 415 (c) (disallowing use of first offender sentence for purposes of recidivist sentencing where, at the time of the recidivist sentencing, the period of probation on defendant's prior first offender sentence had expired with no revocation, the discharge had been automatic, and the first offender sentence had not resulted in a felony "conviction").

[24] See Ga. L. 1998, p. 180, § 1 (the decision reached in *Allmond* by the Court of Appeals of Georgia is contrary to the General Assembly's intent that persons who commit a serious violent felony shall be sentenced to a mandatory term of imprisonment of not less than ten years and shall not be eligible for first offender treatment). See further statutory provisions set forth in footnote 18, supra.