63682, 63683. JARRETT v. THE STATE (two cases).

QUILLIAN, Chief Judge.

In Case Number 63683, the defendant Jarrett appeals his conviction for the offense of secreting property to defraud another. See Code Ann. § 26-1504 (Ga. L. 1968, pp. 1249, 1286). In Case Number 63682, the defendant appeals the failure to extend his appeal bond after a Birge hearing [*Birge v. State,* 238 Ga. 88 (230 SE2d 895)]. *Held:*

1. The defendant contends that the evidence offered at trial was purely circumstantial and insufficient to convict him. The defendant was tried along with two co-defendants. One of the co-defendants was the owner of a boat covered by a policy of insurance which included loss for theft. The co-defendant reported the boat as stolen, and when it was not recovered, collected $19,000 from the insurance company. The State, in the prosecution of the defendants, sought to establish a conspiracy with the basic scheme as follows. The owner of the boat reported the boat as stolen, but in fact, he had transferred it to another co-defendant. This co-defendant, who on trial contended that he purchased the boat from a named but otherwise unidentified party, then left the boat with the defendant Jarrett for safekeeping. The present defendant kept the boat on his property for approximately one year, after which he took the boat to a friend's house, where repair work was done on the boat, and then "tried it out" on Lake Lanier. Defendant Jarrett was arrested, after leaving Lake Lanier, while towing the boat with a pick-up truck.

Code Ann. § 26-1504 (Ga. L. 1968, pp. 1249, 1286) provides: "A person commits the offense of damaging, destroying, or secreting property to defraud another person when he knowingly and with intent to defraud another person damages, destroys, or secretes any property of whatever class or character, whether the property of himself or of another person . . ."

The State had the burden of establishing guilty knowledge on the part of the defendant, and sought to do this by circumstantial evidence, including certain statements by the defendant at the time he was arrested and shortly thereafter. When first questioned, the defendant insisted that he was the owner of the boat. Some hours later, the defendant was again interrogated. At that time, according to the testimony of the officers present, the defendant admitted the boat was not his and stated that: "He knew something was wrong with the boat. He . . . asked Agent Henry if it was an insurance fraud, or if the boat was stolen."

Counsel for defendant urges that a conviction is not sustainable because the evidence fails to show the boat was hidden. The

testimony of the witnesses was conflicting but in composite tended to show: the boat was on defendant's land by a chicken house; the boat could not be seen from some areas of a road which passed nearby the land but could be seen from other vantage points; people had visited the defendant's land where it was in plain view.

The statute requires the "secreting" of property which means to hide or conceal; however, it does not mandate that the property be hidden in the literal sense of being unable to view it but only that it be placed where it is unlikely to be discovered. The jury was authorized to find that the defendant, acting in concert with the other defendants, secreted the property in question.

We find the proof offered in the case sub judice to be sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt.

2. Prior to the admission of certain testimony by GBI Agent Henry, a hearing was held outside the presence of the jury. At that time, it was shown that the witness would testify from his notes. In these notes, the Agent was relating statements made to him by Mr. Ewell, a co-defendant and the owner of the boat. They were as follows. First — "Mr. Ewell stated that he knew this was going to happen, because he knew the wrong people and had been with the wrong people." Second — "Mr. Ewell stated before leaving Stan's Car Lot that he was 'scared to death, and this wouldn't have happened if he had not been around the wrong people.' " The third statement was — "Mr. Ewell stated he knew it looked bad because of the people involved." The trial judge overruled objections and motions for mistrial with regard to the first two statements. As the trial judge later stated, he ruled out the third statement.

After the rulings on the admissibility of the statement, the witness was questioned and instead of relating the statements which we have quoted above, made the following statement with regard to what Mr. Ewell said to him: "He stated to me that he knew this was going to happen, because he had been hanging around the wrong people, and the people involved." Subsequently, counsel for the defendant Ewell again interposed objection to the statement made by the witness. No renewal of the motion for mistrial or objection was made by counsel for the defendant Jarrett.

According to the testimony of the defendants, prior to Jarrett's arrest the defendant Ewell did not know the defendant Jarrett. We do not find that the statement made by the GBI Agent constituted harmful error with regard to defendant Jarrett. However, even if we did, the fact that there was no objection or renewal of the motion for mistrial would leave no basis for reversal of this case.

3. It is contended that the trial judge erred in admitting,

without limiting instructions, certain evidence tendered by the State in rebuttal for the sole purpose of impeaching the codefendant Ewell. No written request for limiting instructions was made on behalf of the defendant Jarrett. In such circumstances, the rule is that: "[i]t is well recognized that when evidence is admitted for one purpose . . . it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury." Harrell v. State,* 241 Ga. 181, 186 (2) (243 SE2d 890). Accord, *Jackson v. State,* 204 Ga. 47 (3) (48 SE2d 864), *Ivy v. State,* 220 Ga. 699 (4) (141 SE2d 541), *Patterson v. State,* 233 Ga. 724, 728 (6) (213 SE2d 612).

4. The final enumeration of error is that the court erred by requiring the defendant Jarrett to pay one-third of $19,000 as restitution to the insurance company. It is urged that the insurance company did not suffer a $19,000 loss. It is undisputed that the insurance company paid the owner of the boat $19,000 for the theft loss. However, this was the sole factor considered by the trial judge in determining the amount of restitution. In *Cannon v. State,* 246 Ga. 754, 756 (272 SE2d 709), the Supreme Court in construing Code Ann. Ch. 27-30 (Ga. L. 1980, p. 1382) held: "We find that Code Ann. §§ 27-3008 through 27-3010 contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof." Code Ann. § 27-3009 (Ga. L. 1980, pp. 1382, 1385, eff. April 1, 1980) provides "The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." Among the factors to be considered in imposing restitution found in Code Ann. § 27-3010 (Ga. L. 1980, pp. 1382, 1385, eff. April 1, 1980) are "(a) The present financial condition of the offender and his dependents; (b) The probable future earning capacity of the offender and his dependents; (c) The amount of damages."

Because the record reveals that such factors were not considered, that portion of the sentence imposing restitution is reversed and remanded for hearing in compliance with Code Ann. Ch. 27-30.

5. In view of our ruling on the main appeal we need not consider the appeal concerning the denial of supersedeas bond. to the defendant (Case 63682).

*Appeal in Case 63682 dismissed; judgment affirmed in Case 63683 except that portion imposing restitution which is reversed and remanded for a new hearing. Shulman, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 16, 1982.

288

*Jack M. Carey, Roland H. Stroberg,* for appellant.
*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.