71822. SANDERS v. THE STATE.
(345 SE2d 677)

BEASLEY, Judge.
Sanders was indicted for murder. After negotiations with the state whereby Sanders agreed to testify against a co-defendant, Sanders entered a plea of guilty on November 14, 1983, with the assistance of counsel, to a reduced charge of voluntary manslaughter and was sentenced on July 2, 1985. He seeks to set aside his plea and sentence on the basis that he entered the plea to voluntary manslaughter without being advised of the elements of the offense, and that the failure to so advise him rendered the plea involuntary. Appellant made no attempt to challenge the voluntariness of the plea, or any aspect of the plea, before the trial court.

1. Nearly two years elapsed between the plea and sentencing. During this time Sanders registered no challenge to the plea. A defendant may withdraw his plea of guilty as a matter of right before sentence is pronounced. OCGA § 17-7-93. Even after sentencing, the trial court would have discretion to allow withdrawal of the plea prior

to the expiration of that term of court. *Kight v. State,* 158 Ga. App. 698, 699 (282 SE2d 176) (1981). After the term, the prescribed means to withdraw the plea would be through habeas corpus proceedings. *State v. Kight,* 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985). It could not be raised through motion for new trial (which appellant did not attempt), because a defendant who files a guilty plea cannot move for a new trial since there has been no verdict. *Stevens v. State,* 169 Ga. App. 646, 647 (2) (314 SE2d 481) (1984).

2. Appellant's total inaction in attempting to secure a ruling from the court on the question of the voluntariness of his plea renders this court unable to review the merits of appellant's claim in this appeal. Appellate courts exist to review asserted error but where the defendant makes no objection or obtains no ruling of the trial court, the contended problem cannot be made the basis of appellate review as there is no ruling to review. *Paschal v. State,* 139 Ga. App. 842, 844 (5) (229 SE2d 795) (1976).

" 'The burden is on the defendant who asserts error to show it affirmatively by the record, and here there appears to have been no ruling requiring our review. [Cit.]' . . . Accordingly, the judgment of conviction and sentence entered pursuant to appellant's guilty plea is affirmed." *Dyer v. State,* 169 Ga. App. 387 (312 SE2d 861) (1984).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 22, 1986.

*Robert B. Thompson,* for appellant.
*Bruce L. Udolf, District Attorney,* for appellee.