### A89A1103. WESTMORELAND v. THE STATE.
#### (384 SE2d 249)

BIRDSONG, Judge.

Appellant Ronald Westmoreland filed a notice of appeal pro se "from the judgement [sic] of conviction and sentence entered herein on August 8 [sic], 1988. The offense for which defendant was convicted is theft by taking and the sentence imposed is . . . 6 years." Examining this record in toto, we are satisfied that appellant filed a

timely notice of appeal from the judgment of conviction and sentence, pertaining to Criminal Action No. A-95808, Theft by Taking (two counts), to which sentence was entered on August 18, 1988, and which was filed in open court on August 23, 1988. Accordingly, we are satisfied that the August "8" date contained in the notice of appeal is due solely to typographical error.

Appellant initially pled guilty and was convicted in June of 1986 on Indictments A-80808 and A-82851, pertaining to one count of theft by taking of $99,588.25 and one count of passing felony bad checks, respectively. Appellant retained and was represented by Attorney "F." In April 1987, a probation revocation hearing was held regarding the probated sentence received as to Indictment A-80808, and certain adjustments were made as to the terms of restitution. Appellant again was represented by Attorney "F." In April of 1988, a second probation revocation hearing was held, resulting in the revocation of six of the eight remaining years of appellant's probated sentence to confinement. It appears that appellant was again represented by Attorney "F," and that no request was made to report this second revocation hearing.

Appellant subsequently was indicted for two counts of theft by taking, under Indictment A-95808. On August 2, 1988, he pled guilty to the two-count indictment. On August 18, 1988, appellant was given a six-year concurrent sentence as to each count. Appellant was represented by Attorney "T," an appointed counsel, at this proceeding.

Appellant filed a notice of appeal and an amended notice of appeal pro se, on June 10, 1988 and June 27, 1988, respectively, attempting to directly appeal the order of the trial court revoking probation in the case involving Indictment A-80808. Appellant did *not* file a notice of appeal for direct appeal of the conviction and sentence of either Indictment A-80808 or A-82851. This court dismissed this appeal, A89A0429, but remanded the case to the trial court to hold an indigency hearing and, if authorized, to appoint counsel for the defendant to conduct his appeal. The trial court further was directed to allow the defendant a reasonable time thereafter to file an out-of-time application for discretionary appeal if this be defendant's desire after competent advice. The indigency hearing was conducted on February 10, 1989, and Attorney "T" was reappointed as appellant's counsel at appellant's request. During the indigency hearing, it was indicated that Attorney "T" initially was led to believe that appellant was only seeking a modification of his sentence.

Since Attorney "T's" reappointment as appellant's counsel, no new or amended notices of appeal have been filed with this court. Further, no out-of-time petition for discretionary appeal of the order revoking appellant's probation has been filed. *Held*:

1. Appellant's enumeration of errors, labeled as enumerations A

and B, respectively, are as follows: "A. Appellant . . . did not receive effective assistance of counsel"; and, "B. Appellant . . . did not enter his Guilty Plea intelligently, knowingly, voluntarily and freely." Each of these enumerations has two sub-parts. While these enumerations on cursory observation appear to pertain to Appeal No. A89A1102 and Indictment A-95808, examination of the record and the brief filed in appellant's behalf by Attorney "T" establishes that these two enumerations pertain only to the conviction and post-trial activities in Indictments A-80808 and A-82851. No direct appeal of the case involving these latter two indictments currently is pending before this court.

OCGA § 5-6-37 pertinently provides that "[u]nless otherwise provided by law, an appeal may be taken to the . . . Court of Appeals *by filing . . . a notice of appeal*. The notice shall set forth the title and docket number of the case . . . a concise statement of the judgment . . . or order entitling the appellant to take an appeal . . . ." (Emphasis supplied.) " 'The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court.' " *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547); *Brown v. State*, 184 Ga. App. 677 (362 SE2d 471). As appellant's notice of appeal as to the conviction and sentence flowing from Indictment A-95808 is the only notice of appeal currently pending before this court, we find this court lacks jurisdiction to consider the enumerations of error which are raised solely concerning the case involving Indictments A-80808 and A-82851. Cf., *Willis v. State*, 186 Ga. App. 197 (366 SE2d 778); *Brown*, supra.

This case is distinguishable from *Conway v. State*, 183 Ga. App. 573 (359 SE2d 438), as we do not today deny appellant his right of first appeal. Rather, we dismiss his first two enumerations of error without prejudice, and dispose of his third enumeration of error on the merits, as this latter enumeration pertains to the case involving Indictment A-95808 for which notice of appeal has been duly filed.

We expressly decline to consider whether any appellate court in futuro will grant review of any subsequent out-of-time direct appeal or application for discretionary appeal, which appellant may submit.

2. Appellant asserts that he did not have a fair investigation into the restitution hearing on the "August 18, 1988 case," which is the case subject to this direct appeal. Specifically, appellant asserts there were no specific written findings by the court in ordering restitution as required by OCGA §§ 17-14-8 through 17-14-10, and that the probation officer failed to conduct a fair investigation causing appellant to be ordered to pay more than the amount of the victims' damages. OCGA § 17-14-9.

a. OCGA §§ 17-14-8 through 17-14-10 "contemplate a hearing and specific written findings by the court in determining whether it

will order restitution and, if so, the amount thereof." *Cannon v. State*, 246 Ga. 754 (3) (272 SE2d 709). The record reveals the trial court has not entered specific written findings as required by these statutes; accordingly, the case normally would " 'be remanded to the trial court to reconsider the matter consistent with the statutes and the case law.' " *Owens v. State*, 187 Ga. App. 262, 263 (369 SE2d 919); *Taylor v. State*, 182 Ga. App. 494 (4) (356 SE2d 216); *Williams v. State*, 180 Ga. App. 854, 856 (3) (b) (350 SE2d 837). However, for reasons discussed hereinafter such procedure is not required in this case.

b. Appellant has also asserted that because of the probation officer's failure to conduct a fair investigation, appellant has been ordered to pay more than the amount of the victim's damages in contravention of OCGA § 17-14-9.

" 'The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages.' OCGA § 17-14-9. ' "Damages" means all damages which a victim could recover against an offender in a civil action . . . *based on the same act or acts for which the offender is sentenced.* . . .' OCGA § 17-14-2 (2)." (Emphasis supplied.) *Lovell v. State*, 189 Ga. App. 311, 313 (375 SE2d 658); see also OCGA § 42-8-35. It is noted that in this case, appellant not only requested the restitution hearing, but also expressly requested that damages sustained by victims involved in three other potential cases (cases in which indictment had not yet been returned) also be considered during the restitution hearing. The prosecution concurred in the appellant's request and the trial court directed the probation officer to make a determination as to the amount of restitution due. The probation officer, pursuant to that directive, conducted an inquiry into the matter which at least included consideration of receipts provided by the prosecution and conferring with the victims. Thereafter, the probation officer reported on the record the amount found to be due and owing five victims, which included the two victims named in Indictment A-95808. Before the report was rendered, the State expressly stated on the record that "[d]efense has also talked with us about [the restitution amount], *and is now in accord with our figure.*" (Emphasis supplied.) The appellant did not protest this proffer, nor was any objection raised after the trial court directed on the record that a condition of probation was that appellant make restitution in the amount of $11,000.

Pretermitting the question whether specific written findings should now be required and whether the determination of a restitution amount which included damages in amounts which and to victims who were not named in the indictment was error, is the principle of induced error. Induced error is impermissible. *Edwards v. State*, 235 Ga. 603, 604 (221 SE2d 28). " 'A party cannot claim error . . .

where he himself committed or invited the error. . . .' " *LeTwigge, Ltd. v. Wammock & Co.*, 187 Ga. App. 446, 448 (370 SE2d 631). Accordingly, we find no prejudice to appellant by the procedure of including the damages sustained by victims of other offenses not tried in the amount of restitution ordered to be paid. Moreover, we note in certain situations such a procedure can be in an appellant's best interests, for example, where thereafter the State elects not to seek indictment and prosecute for offenses involving such collateral victims.

Further, following the announcement by the probation officer of the amount of restitution found due and owing and following the trial court's announcement of the $11,000 restitution amount, appellant at no time contested that amount on the record. " ' "[A] defendant who does not agree to the amount of restitution ordered by the trial court is *normally* required to contest the issue at the time the condition is imposed." ' " (Emphasis supplied.) *Williams*, supra at 856. Thus, *normally*, appellant's failure to object when the restitution amount was first announced would preclude him from contesting the issue on appeal. For both of these reasons, we find appellant is not in a position to contest on appeal the amount of restitution ordered. As appellant cannot legitimately contest the amount of damages awarded in this case, it would not be in the best interests of judicial economy to return this case for the purpose of having formal written findings confirming the amount of award entered. The statutory purpose of the hearing and the entering of specific written findings is to allow the court to determine whether it will order restitution and, if so, in what amount. *Cannon*, supra at 756. Appellant, in this case, acquiesced at trial with the on-the-record statement of the State asserting that appellant was "now in accord with" the State's asserted restitution figures. The effect of this acquiescence deprives appellant of his right to complain on appeal of the amount of restitution ordered. See *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536); see also *Easterwood v. State*, 259 Ga. App. 164 (2) (377 SE2d 857).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

Decided July 7, 1989.

Ronald Westmoreland, *pro se.*
Hurl R. Taylor, Jr., for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, for appellee.