## A92A0981. WOODS v. THE STATE.
(422 SE2d 670)

BIRDSONG, Presiding Judge.

Appellant Michael C. Woods was found guilty of burglary and theft by taking. He appeals that portion of his sentence which ordered him to pay $10,000 restitution, representing the amount of damages to the burgled premises which was not paid by the victim's insurance. *Held*:

Appellant contends that because he was not given a hearing as to restitution, under *Patterson v. State*, 161 Ga. App. 85 (289 SE2d 270) the sentence of restitution must be reversed.

In *Cannon v. State*, 246 Ga. 754 (272 SE2d 709), the court held that OCGA §§ 17-14-8 and 17-14-10 contemplate that a hearing will be held and specific written findings will be made by the court in determining restitution and the amount thereof. However, the court also found the transcript showed the trial judge did conduct a hearing and considered the factors set out in OCGA § 17-14-10, and that appellant did not contest the State's evidence of damages; so, the case was not remanded.

The transcript in this case shows that appellant did not ask for a hearing on the amount of restitution, nor did he contest the State's evidence of damages except to suggest vaguely he could not possibly have caused the extent of damage claimed. Therefore, the amount of unpaid damages, that is, those not paid by the victim's insurer, is not in dispute and appellant may not challenge that amount. See *Williams v. State*, 180 Ga. App. 854, 855-856 (350 SE2d 837). Compare *Lomax v. State*, 200 Ga. App. 233 (407 SE2d 462).

However, the transcript does not show that the trial court considered the factors named in § 17-14-10. Id. at 856 (3) (b). In *Garrett v. State*, 175 Ga. App. 400 (333 SE2d 432), we held, following *Cannon*, supra, that a hearing and written findings are required under § 17-14-10 in an attempt to settle the matter and avert further civil litigation if possible and where appropriate.

In this case the damages attributed to appellant are certain. But, they are inconclusive insofar as they require appellant to pay only the amount not paid by the victim's insurance policy. There is no factual or legal finding by the trial court that would either preclude or permit a civil remedy against appellant for the amount which was paid by the victim's insurer. As in *Garrett*, we do not suggest that the criminal restitution statutes provide the exclusive remedy of the victim, and we do not suggest that by enacting the restitution act that the legislature intended to protect criminal offenders from civil liability or prevent victims from pursuing a just civil remedy for their damages. See OCGA § 17-14-11, which provides that an order of restitution in a criminal case "shall not bar any civil action against the offender." If an object of the restitution award is the finality of the liability matter as said in *Garrett*, this object has not been achieved by the proceedings in this case. As the requirements of OCGA § 17-14-10 have not been fulfilled, we remand the matter to the trial court for a hearing and specific findings pursuant to § 17-14-10 and *Cannon*, supra.

*Judgment affirmed in part and case remanded with direction. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 17, 1992.

*Deborah Dearman,* for appellant.
*Stephen F. Lanier, District Attorney,* for appellee.