## A93A0093. BRIDGES v. THE STATE.
### (431 SE2d 164)

ANDREWS, Judge.

Bridges was charged with one count of burglary and one count of theft by taking. He entered a plea of guilty on August 3, 1992 and was sentenced to seven years, five years in prison and two years of probation. With respect to the burglary plea, the portion of the judgment entitled "Other Conditions of Probation" included a fine, probation fee and court costs. The order also stated that "[a] surcharge of $85 is to be paid for County Jail operation, staffing, and construction. . . . Restitution to be determined and paid to either victim or insurance carrier."

1. In his first enumeration, citing OCGA §§ 17-14-8 through 17-14-10, Bridges argues that the trial court erred in ordering him to pay restitution in the absence of a presentence hearing, despite his request. In response, the State argues that Bridges' argument is premature, since Bridges has not been ordered to pay a specific amount of restitution.

*Cannon v. State*, 246 Ga. 754 (3) (272 SE2d 709) (1980), is controlling. "We find that [OCGA §§ 17-14-8 through 17-14-10] contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof."

*Cannon,* supra at 756. The trial court did not comply with those requirements. "Under *Patterson v. State,* 161 Ga. App. 85, 86 (289 SE2d 270) (1982), the portion of the sentence imposing restitution must be reversed and the case remanded for a hearing on the issue and for entry of specific written findings pursuant to OCGA § 17-14-8." *Taylor v. State,* 182 Ga. App. 494, 496 (4) (356 SE2d 216) (1987); see also *Garrett v. State,* 175 Ga. App. 400 (333 SE2d 432) (1985). Our conclusion that the findings under OCGA § 17-14-10 were necessary before ordering restitution is also consistent with the Supreme Court's holding in *Harris v. State,* 261 Ga. 859 (1) (413 SE2d 439) (1992).

2. In his second enumeration, citing *Woods v. State,* 204 Ga. App. 415 (2) (419 SE2d 513) (1992), Bridges claims, and the State concurs, that the trial court erred in ordering a surcharge for operation, staffing and construction of the county's jail.

We agree. "There are no statutes which specifically authorize charging criminal defendants with the costs for operation, staffing and construction of jails. This case is very similar to and is controlled by *Walden v. State,* 258 Ga. 503, 504 (371 SE2d 852) (1988). We hold that the $185 fee is not taxable to Woods in the absence of specific statutory authority for imposing such a fee, and therefore reverse the trial court's order to the extent it holds otherwise." *Woods,* supra at 417.

*Judgment affirmed in part, reversed in part, and remanded in part. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 29, 1993.

*Lavender & Lavender, Robert W. Lavender, Michelle C. Feinberg,* for appellant.

*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Francis J. George, Assistant District Attorneys,* for appellee.