A93A0854. SLATER v. THE STATE.
(434 SE2d 547)

POPE, Chief Judge.

Defendant appeals his convictions for one count of burglary and twelve counts of possession of a firearm by a convicted felon, and a portion of his sentence on the burglary conviction. We affirm the convictions but reverse that portion of the sentence imposing restitution as a condition of probation and remand for further proceedings.

1. Defendant was convicted by a jury on the charge of burglary and consented to a bench trial on the possession charges. On appeal, he argues the evidence was insufficient to support the verdicts. The evidence against defendant on the burglary charge was circumstantial and included the fact that goods stolen in the burglary were found in defendant's automobile only three days after the burglary when the automobile was repossessed by a creditor. Defendant testified and offered an explanation for his possession of the stolen goods which the jury was authorized to find incredible. "This is not a case of 'unexplained' possession but rather of explained possession where the explanation is not believed." *Rogers v. State,* 185 Ga. App. 211, 213 (363 SE2d 846) (1987).

Defendant argues that even if the evidence showed recent unexplained possession, this evidence was insufficient to support his conviction. We disagree. Recent unexplained possession is probative evi-

dence which must be reviewed along with other evidence in the case to determine whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983). This was not a case in which the sole evidence of guilt rests upon the inferences that may be drawn from the recent possession of stolen goods. The evidence also included, among other things, an incriminating statement made by defendant at the time he was arrested, evidence of similar criminal acts and pawn tickets found in defendant's automobile, from which, in conjunction with evidence that defendant was unable to make his car payment, the jury could conclude defendant committed the burglary in order to pawn the goods for money. "To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt." *Funderburk v. State*, 195 Ga. App. 441, 443 (393 SE2d 727) (1990). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found the evidence excluded every reasonable hypothesis except that of the defendant's guilt.

Only two of the twelve guns taken in the burglary were found in defendant's possession. Thus, as to the remaining ten charges of possession of a firearm by a convicted felon, defendant argues the evidence was insufficient to support the conviction because the guns were not found in his immediate possession. Because the evidence viewed in the light most favorable to the verdict shows he committed the burglary in which the guns were stolen, it follows that the defendant took possession of the guns during the burglary. Constructive possession is sufficient to show a violation of the offense of possession of firearm by a convicted felon. *Coursey v. State*, 196 Ga. App. 135 (1) (395 SE2d 574) (1990). Likewise, we hold that possession of a firearm by a convicted felon may be shown by circumstantial evidence. Just as the circumstantial evidence in this case was sufficient to support the verdict of guilty as to the charge of burglary, it is also sufficient to support the verdict of guilty on those charges of possession of a firearm by a convicted felon in which no direct evidence of possession was presented.

2. Defendant argues the trial court erred in permitting the State to present evidence of two similar transactions concerning the burglary of two other homes. The only objections raised at the pre-trial hearing on the admissibility of this evidence was that the evidence failed to show defendant committed the independent crimes and failed to show a sufficient similarity between the burglary at issue in this case and the independent crimes. In his enumeration of error, defendant raised only the issue of the State's alleged failure to show defendant committed the independent crimes. In defendant's brief,

however, he argues the State failed to show all three essential elements required by *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), including not only identity of the perpetrator and similarity of the acts but also a proper purpose for introducing the otherwise inadmissible evidence. We need not address defendant's argument that the State improperly failed to show a legitimate purpose for admitting the evidence of similar independent crimes because *Williams* provides a ground for reversal only as to objections raised at trial. See *Hunter v. State*, 202 Ga. App. 195 (3) (413 SE2d 526) (1991). Moreover, where, as here, the similar crimes reveal a common plan, scheme, design or modus operandi, a legitimate purpose for proof of the independent crimes is shown as required by *Hickey v. State*, 202 Ga. App. 636 (415 SE2d 60) (1992).

As to the argument that the evidence did not show a sufficient similarity between the independent crimes and the burglary at issue in this case, defendant did not raise this ground in his enumeration of error and we will not consider a ground for appeal raised for the first time in the brief which was not raised within the enumeration of error. See *MacDonald v. MacDonald*, 156 Ga. App. 565 (1a) (275 SE2d 142) (1980). Moreover, we find ample evidence of the similarity of the two independent crimes and the crime for which defendant was tried.

As to defendant's argument that the evidence failed to show defendant committed the two independent burglaries, the evidence was sufficient. Proof beyond a reasonable doubt is not required as to the proof that the defendant was the perpetrator of an independent similar crime and evidence, like that presented in this case, that defendant was in recent possession of property stolen in a burglary is sufficient to raise an inference that defendant was the one who stole the goods. See *Hickey v. State*, 202 Ga. App. 636.

3. Defendant's argument that he cannot be convicted of both burglary and possession of a firearm by a convicted felon when the firearm was stolen in the burglary has been decided against him. See *Bogan v. State*, 177 Ga. App. 614 (340 SE2d 256) (1986).

4. Finally, defendant argues the trial court erred in ordering restitution as a condition of probation without holding a restitution hearing. Actually, the record shows a hearing was held at which evidence concerning restitution was presented. We agree, however, that the trial court did not make the required findings to support its order of restitution. It is not sufficient for the trial judge to consider only the amount of the victim's damages. *Jarrett v. State*, 161 Ga. App. 285 (4) (287 SE2d 746) (1982). Pursuant to OCGA § 17-14-10, the court must also consider other factors, including "(1) The present financial condition of the offender and his dependents; [and] (2) The probable future earning capacity of the offender and his dependents. . . ." "Because the record reveals that such factors were not

considered, that portion of the sentence imposing restitution is reversed and remanded for hearing in compliance with [OCGA § 17-14-10]." *Jarrett v. State*, 161 Ga. App. at 287. Pursuant to *Garrett v. State*, 175 Ga. App. 400 (1) (333 SE2d 432) (1985), written findings of fact relating to the factors set forth in OCGA § 17-14-10 should also be made upon remand and rehearing.

Although defendant did not contest the amount of restitution ordered by the court at the time it was imposed, contrary to the State's argument, defendant has not waived his right to complain of the order of restitution on appeal. Unlike the facts in *Westmoreland v. State*, 192 Ga. App. 173 (2) (384 SE2d 249) (1989), cited by the State in opposition to defendant's enumeration of error, defendant in this case did not induce error by acquiescing in the prosecutor's statement that defendant consented to the amount of the award. Instead, this case is governed by *Williams v. State*, 180 Ga. App. 854 (3) (350 SE2d 837) (1986), in which despite the defendant's failure to dispute the amount of restitution ordered, the case was remanded for a hearing and written findings of fact because the record did not show the trial court considered those factors set forth in OCGA § 17-14-10 before awarding restitution.

*Judgment affirmed except that portion imposing restitution, which is reversed and remanded with direction. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 13, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 —

*Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.

