## A94A0759. DUKES v. THE STATE.
### (446 SE2d 190)

BLACKBURN, Judge.

Following a trial by jury, the appellant, William Shane Dukes, was found guilty of one count of theft by receiving and two counts of theft by taking, each count involving a motor vehicle.[1] His motion for new trial was subsequently denied by the trial court and this appeal followed.

1. Dukes initially asserts that the trial court erred in failing to direct a verdict on the theft by receiving charge, and further erred in entering a judgment on the jury's verdict on this charge. We agree.

The evidence produced at trial shows that while the automobile in question was found at Hadden's Wrecking Company, Charles Hadden, the owner of the salvage business, did not recall from whom he had purchased the automobile, and did not know if he had purchased the automobile from Dukes. Although Willie Barkley, an investigator with the Laurens County Sheriff's Department, testified without objection that the owner of the vehicle informed him that she wanted to have a warrant issued for Dukes' arrest for the theft of her vehicle, the owner did not testify at trial. "This testimony is clearly hearsay [and] '[h]earsay evidence has no probative value even if it is admitted without objection.' . . . [Cits.]" *Harden v. State*, 210 Ga. App. 673, 675 (1) (436 SE2d 756) (1993).

" 'A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.' OCGA § 16-8-7 (a)." *Owens v. State*, 192 Ga. App. 335, 340 (384 SE2d 920) (1989). In the case sub judice, there is no probative evidence to show beyond a reasonable doubt that Dukes received or was in possession of the stolen Honda, and accordingly, a directed verdict of acquittal was warranted. Consequently, Dukes' conviction for theft by receiving stolen property involving the 1982 Honda must be reversed for lack of evidence to support the convic-

---

[1] In a seven-count indictment, Dukes was charged with four counts of theft by taking and three counts of theft by receiving. At the commencement of the trial, the state nolle prossed one count of theft by taking and two counts of theft by receiving. A directed verdict of not guilty and acquittal was subsequently granted on Count 6 of the indictment, theft by taking, involving a 1989 Nissan pickup truck.

tion. Id.

2. Next, Dukes argues that the evidence was insufficient to support his conviction of theft by taking the Toyota Tercel, and a directed verdict of acquittal was also warranted on this charge. "We conclude otherwise as a directed verdict of acquittal should be granted only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal." (Citations and punctuation omitted.) *Knight v. State*, 210 Ga. App. 63, 65 (1) (435 SE2d 276) (1993).

At trial, Abner Hembree, a former employee of Dukes, testified that he and Dukes picked up the Toyota from the parking lot of NationsBank, formerly Citizens and Southern National Bank, and Hadden later purchased the motor, transmission, and door of the automobile from Dukes on or about February 4, 1991. However, on February 11, 1991, Dukes informed a representative of NationsBank, the lienholder that repossessed the automobile on January 25, 1991, that he did not pick up the automobile as requested by the bank because he had forgotten to do so, and the vehicle was subsequently reported as stolen.

We believe that there was ample evidence from which a rational trier of fact could determine Dukes' guilt of theft by taking the Toyota beyond a reasonable doubt, and consequently his conviction was authorized. *Hulsey v. State*, 210 Ga. App. 251 (1) (435 SE2d 713) (1993). Contrary to Dukes' assertion, there was no fatal variance between the allegations set forth in the indictment and the evidence submitted at trial because he denied that he was in lawful possession of the vehicle.

3. In his fifth, sixth, and seventh enumerations of error, Dukes challenges the trial court's admission of evidence of prior allegedly similar transactions. Specifically, he asserts that the trial court erred in admitting the testimony of Harold Ward and in admitting a certified copy of the indictment and jury's verdict from his prior trial for three counts of secreting property to defraud another, in violation of OCGA § 16-9-53. Although all of the counts in the prior transactions involved the concealment of automobiles, Dukes argues that the charges were not substantially similar, and the trial court's finding that all of the requirements enunciated in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), were met, was equivocal. However, even assuming without deciding that the trial court erred in admitting this evidence, such error "was harmless since the jury verdict[s] [on the theft by taking charges] w[ere] overwhelmingly supported by the other evidence." (Citations and punctuation omitted.) *Watkins v. State*, 206 Ga. App. 701, 704 (1) (426 SE2d 238) (1992).

In addition, the trial court's charge to the jury on prior similar

transactions was a correct statement of the law. While the trial court admitted the evidence on the basis that it could show bent of mind, motive, and course of conduct, purposes deemed appropriate under *Williams*, the court specifically instructed the jury that Dukes was only on trial for the offenses charged in the indictment. The court further charged the jury that the evidence should not be considered for any purpose other than Dukes' state of mind or course of conduct if the jury believed that Dukes had engaged in the prior transactions. We find no error in the charge as a whole. See *Barnes v. State*, 191 Ga. App. 424 (2) (382 SE2d 164) (1989). "Instructions which, when the jury is given credit for ordinary intelligence, are not confusing and prejudicial, are not reversible error." (Citations and punctuation omitted.) *Hightower v. State*, 210 Ga. App. 386, 388 (436 SE2d 28) (1993).

4. Next, Dukes contends that the trial court erred in its charge to the jury on theft by taking which followed the wording of OCGA § 16-8-2. While he concedes that the charge was "abstractly correct," Dukes maintains that the trial court erred in charging the jury that the offense of theft by taking can be committed in more than one manner when only one manner was alleged in the indictment. However, as the Supreme Court recognized in *Anderson v. State*, 262 Ga. 26, 27 (1) (413 SE2d 732) (1992), "[i]t is not usually cause for new trial that an entire Code section is given even though a part of the charge may be inapplicable under the facts in evidence." (Citations and punctuation omitted.) Moreover, "we will neither impute an adverse construction to the charge nor give so little credence to the ability of the jury to select that portion of the statute obviously applicable to the facts and issues presented for their determination. [Cits.]" (Punctuation omitted.) *Kennedy v. State*, 205 Ga. App. 152, 156 (421 SE2d 560) (1992). Dukes does not contend that the jury was confused by the charge, and the record does not indicate that the jury was confused or misled. Id.

5. Lastly, Dukes argues the trial court erred in ordering restitution as a condition of probation following a hearing at which the only evidence presented was evidence of the amount of damages suffered by the victims. In its June 28, 1993, order, the trial court did not make any findings in support of restitution.

At a restitution hearing, "[i]t is not sufficient for the trial judge to consider only the amount of the victim's damages. [Cit.] Pursuant to OCGA § 17-14-10, the court must also consider other factors, including '(1) The present financial condition of the offender and his dependents; (and) (2) The probable future earning capacity of the offender and his dependents. . . .' 'Because the record reveals that such factors were not considered, that portion of the sentence imposing restitution is reversed and remanded for hearing in compliance

with (OCGA § 17-14-10).' [Cit.] Pursuant to *Garrett v. State*, 175 Ga. App. 400 (1) (333 SE2d 432) (1985), written findings of fact relating to the factors set forth in OCGA § 17-14-10 should also be made upon remand and rehearing." *Slater v. State*, 209 Ga. App. 723, 725-726 (4) (434 SE2d 547) (1993).

*Judgment affirmed in part, reversed in part, and remanded with direction. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 9, 1994 —
RECONSIDERATION DENIED JUNE 29, 1994 — 

*Larsen & Larsen, W. Washington Larsen, Jr., Celia Larsen,* for appellant.

*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney,* for appellee.