A94A1182. THOMPSON v. THE STATE.
(449 SE2d 364)

McMURRAY, Presiding Judge.

Defendant Thompson appeals his conviction of two counts of the ffense of armed robbery, five counts of the offense of aggravated as- ult, and one count of the offense of possession of a sawed-off shot- un. Held:

1. The first enumeration of error alleges violations of the holding Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) permitting two police detectives to testify concerning statements ven by co-defendant Earl, who was tried along with defendant but hose not to testify at trial. However, this issue was not preserved for ppellate review by motion or objection at trial. Consequently, we are recluded from reviewing this contention raised for the first time on ppeal. *Robinson v. State*, 173 Ga. App. 260, 261 (3), 262 (325 SE2d 2); *Altman v. State*, 156 Ga. App. 185, 186 (3), 187 (273 SE2d 923).

2. In his second enumeration of error, defendant maintains that e trial court erred by not requiring the State to properly measure e shotgun as required by law. OCGA § 16-11-121 (5) defines a

sawed-off shotgun as a shotgun or any weapon made from a shotgun with a barrel less than 18 inches in length or overall length of less than 26 inches. A police detective used a yardstick to measure the length of the barrel of the shotgun in question at less than 13 inches.

Defendant submits *Wiley v. State*, 204 Ga. App. 881 (420 SE2d 783) as authority that the weapon should have been measured in compliance with the policy and procedures of the "Department of Alcohol, Tobacco and Firearms." However, as in *Wiley* the defendant had failed to present evidence as to what those policies and procedures may be and did not mention this issue at trial other than in the course of colloquy concerning the jury charge. As no action or ruling was requested of the trial court, this enumeration of error raises at most a question as to the sufficiency of the evidence concerning the offense of possession of a sawed-off shotgun. We agree with the comments of the trial court that, where it is not a close question, great precision or specific methodology in the measurement of the dimensions of the weapon are not necessary to authorize conviction. As the measurement in the case sub judice indicates that the barrel of the shotgun was at least five inches shorter than permitted, the methodology used by the witness was sufficient to establish that the weapon at issue was a sawed-off shotgun. We also note that the shotgun in question having been introduced into evidence, the issue of its dimension was one properly for resolution by the jury. *Carson v. State*, 241 Ga. 622, 625 (3) (247 SE2d 68). The evidence was sufficient to authorize rational trier of fact to find defendant guilty beyond a reasonable doubt of the offense of possession of a sawed-off shotgun. *Jackson Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. In his final enumeration of error, defendant contends that the trial court erred in conditioning the probated portions of his sentence upon the payment of restitution for the fee of his court-appointed attorney without conducting a hearing to determine his ability to pay " 'OCGA §§ 17-14-8 through 17-14-10 contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof.' (Citation and punctuation omitted.) *Bridges v. State*, 208 Ga. App. 555, 556 (1) (431 SE2d 16) (1993). Section 17-14-10 sets forth the factors to be considered by the court in determining the nature and amount of restitution, including the offender's present financial condition and future earning capacity and the amount of damages suffered by the victim. The trial court did not hold a restitution hearing, and the only mention of restitution the sentencing hearing was the order itself. The court further did not enter specific written findings under OCGA § 17-14-[8]." *Fonseca State*, 212 Ga. App. 463, 464 (2) (441 SE2d 912). Accordingly, the case is remanded for a hearing and specific written findings pursuant to OCGA § 17-14-10. *Fonseca*, supra at 465.

*Judgment affirmed in part, reversed in part and case remanded.
Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 19, 1994.

Mitchell D. Durham, for appellant.
Thomas J. Charron, District Attorney, D. Victor Reynolds,
Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, for
appellee.