## A95A0478. CHEEKS v. THE STATE.
(460 SE2d 860)

ANDREWS, Judge.

Cheeks pled guilty to theft by taking of lottery tickets from the convenience store where she was formerly employed. She requested and received a restitution hearing. At the hearing, she offered no evidence of her present financial condition or her future earning capacity. Based on the evidence presented at the hearing, the trial court imposed restitution in the amount of $4,907. Cheeks now seeks a second restitution hearing based on the trial court's failure to consider

her ability to pay.

Cheeks contends that the trial court failed to "hear any evidence" on the factors pertaining to her ability to pay restitution. However, the only reason the trial court failed to "hear any evidence" on Cheeks' ability to pay is that Cheeks failed to provide any such evidence. Cheeks would place an affirmative duty on the trial court to discover evidence relating to her ability to pay, evidence which only she was in the position to provide, simply because she failed to provide the evidence on her own behalf when she had the opportunity.

Cheeks claims that the transcript and record of this case "clearly demonstrate that all factors were not considered, nor mentioned" by the trial court. However, the trial court's restitution order clearly states that the court considered: "the present financial condition of the Defendant and h[er] dependents, the probable future earning capacity of the Defendant and h[er] dependents, the amount of damages involved, the goals of restitution to the victim and rehabilitation to the Defendant, the restitution previously made, if any, and the period of time during which the restitution order will be in effect." These are the factors enumerated in OCGA § 17-14-10. Thus, the trial court's order demonstrates that the court properly considered all of the factors it was required to consider.

Cheeks further contends that the trial court failed to make findings of fact addressing the OCGA § 17-14-10 factors and that this failure entitles Cheeks to a second restitution hearing. However, the transcript and the record show that the trial court heard the State's evidence on the factors for which it could provide evidence, and the restitution order demonstrates the court's findings. Cheeks' failure to provide evidence to the trial court of her present financial condition and her probable future earning capacity resulted in a lack of evidence on those factors, but it does not follow that the trial court did not properly consider the factors enumerated in OCGA § 17-14-10 and make findings of fact related to those factors. While Cheeks' failure to provide this evidence may certainly have affected the court's findings of fact, it is not error for the trial court to make findings of fact based on the evidence before it without the defendant's assistance if the defendant has been given the opportunity to provide evidence on her own behalf and fails to do so. That is precisely what occurred in this case.

In order for a trial court to impose restitution, three things are required: a restitution hearing, consideration of the factors enumerated in OCGA § 17-14-10, and findings of fact. *Cannon v. State*, 246 Ga. 754 (272 SE2d 709) (1980); *Slater v. State*, 209 Ga. App. 723 (434 SE2d 547) (1993); *Williams v. State*, 180 Ga. App. 854 (350 SE2d 837) (1986). Here, Cheeks received a restitution hearing, the trial court considered all of the required factors, and the court made find-

ings based on the evidence presented. Cheeks would place an affirmative duty on the trial court to discover evidence pertaining to her ability to pay, even though she had the opportunity to provide evidence on her own behalf and failed to do so. This position is untenable. Because Cheeks requested the restitution hearing in which she had the opportunity to provide evidence of her ability to pay, yet still chose not to present any evidence, her silence is deemed a waiver. See *Westmoreland v. State*, 192 Ga. App. 173, 177 (384 SE2d 249) (1989). A defendant is not entitled to additional restitution hearings ad infinitum merely because, when given the opportunity, she chooses not to provide any evidence on her own behalf.

*Judgment affirmed. Birdsong, P. J., Pope, P. J., Johnson and Ruffin, JJ., concur. Beasley, C. J., McMurray, P. J., Blackburn and Smith, JJ., dissent.*

BEASLEY, Chief Judge, dissenting.

Appellant is a woman who pleaded guilty August 15, 1994, to theft by taking "in excess of $100" worth of Georgia lottery tickets. It was established at the restitution hearing that she took $4,907 worth of them from her employer while working at a convenience store for about 30 days in November 1993. She was arrested and jailed November 30, 1993, posted an appearance bond that same day, and was indicted in April 1994. Through the office of the indigent defense coordinator, trial counsel (who still represents appellant) was appointed in June. Immediately, waiver of arraignment was filed and discovery conducted.

After the plea was entered in August, a "Sentence and Restitution Hearing" was held on September 8 by the judge who had accepted the plea of guilty. The only matter on which evidence was presented related to proof of the theft and the extent of it, and that was presented through the owner of the store as the State's witness, plus his documents, in order to establish the amount of restitution sought by the State as damages for the victim of the crime. At the end of the proceeding, after hearing argument of counsel, the court pronounced its finding of the amount taken, required it as restitution, and further pronounced sentence of ten years probation at the detention center and diversion center plus a fine of $502. Since the arguments of counsel were not transcribed, we do not know what factors were addressed by them. The actual sentence entered included certain surcharges plus $200 attorney fees and a monthly probation fee. Payments were to be made at the rate of $50 per month beginning the first of the next month. A few weeks later, the court deleted that portion of the sentence requiring custody in the detention center and left as the only custodial part of the sentence the 120-day minimum at the diversion center.

At the time of sentencing, the court entered an order making "Restitution Findings." It referred to the statute providing for such and listed the first six factors set out in OCGA § 17-14-10, stating that it considered them and, as required by OCGA § 17-14-8, found "[t]hat restitution will be ordered as a condition of the relief." It did not make findings of fact as to these factors in that court order.

A week later, the court entered an order directing the court reporter to prepare a transcript and the clerk to prepare the record for appeal, all without payment of fees or costs because defendant was indigent. A few weeks after that, a notice of appeal was filed by counsel on appellant's behalf, together with a pauper's affidavit. In it appellant stated that she desired to appeal the court's findings regarding restitution and was a pauper without sufficient funds to pay the costs for such, including the cost of transcript preparation. The appeal proceeded without costs paid.

Thus the record shows that the court considered the statutory factors. Let us look at the evidence of record regarding the September 1994 financial condition of appellant and her dependents, if any, and her and their earning capacity from that time forward. There is no evidence that she had any dependents. There is evidence that she was capable of working in a convenience store alone or with a co-worker, that she was capable of handling an employer's money and keeping records (although she was found not trustworthy), that she had not been incarcerated on this charge after she was released on the day of arrest, and that she was indigent to the extent she qualified for appointed counsel and a cost-free appeal. It is not contested that she was a suitable candidate for the diversion center. The State in its brief explains that the court deleted the detention center portion of the sentence so that defendant "could maintain the employment that she currently held." This is not within our ken, however, as it is not shown by the record. *Hudson v. State*, 185 Ga. App. 508 (1) (364 SE2d 635) (1988).

Thus, although the trial court did not make an express finding of defendant's financial condition, the record shows by a preponderance of the evidence in it that she was indigent, which fact the court found in its order for a cost-free transcript and appeal. It made no finding regarding dependents, but defendant does not assert that she has any and did not do so of record below. The record contains some evidence of her "probable future earning capacity" as of September 1994, as described above. As to the sufficiency of evidence, the standard is the civil one of preponderance. *Lawrenz v. State*, 194 Ga. App. 724, 725 (391 SE2d 703) (1990).

On appeal, the appellant enumerates as one composite error the ordering of restitution based on the evidence presented, the failure to hear evidence and consider the factors listed in OCGA § 17-14-10,

and the failure to make written findings of fact as to these factors. Her argument as set out in the brief is that the court did not consider and make findings of fact regarding present financial condition and probable future earning capacity and that the evidence was not sufficient to support the amount of restitution.

It is clear that the court did not fail to hear any evidence which defendant wished to produce with respect to the factors to be considered in a restitution hearing. I agree that she waived the opportunity to do so. Although the record does not show what prompted the setting of the hearing as a restitution hearing as well as a sentencing hearing, both parties state that she asked for it. That statement in her brief, agreed to by the State, is of consequence in connection with her contention that the court failed to hear evidence; if she asked for such a hearing, she knew the factors which would be taken into account, and she was obliged to present whatever she thought relevant. She produced nothing. She, not the State, would have evidence of her financial condition and probable earning capacity other than what the court already knew or would learn from her prior employer. Of course, the court was required to conduct such a hearing even without her request, if the State sought the imposition of restitution or the court contemplated ordering such. OCGA §§ 17-14-3, 17-14-8 to 17-14-10; *Cannon v. State*, 246 Ga. 754 (272 SE2d 709) (1980).

It is also not difficult to conclude that the amount of restitution ordered was proved by a preponderance of the evidence, which included an exhaustive accounting. There was no contrary evidence.

As to the complaint that the court's order merely recited the statutory factors and stated that it had considered them and "found" that restitution will be ordered, without making explicit findings of fact as to what her present financial condition or future earning capacity was, the order is deficient. There are findings of indigence elsewhere, so it is evident that the "present financial condition" of offender which the court considered was that she was indigent. There are no findings of fact (although there is some evidence) regarding "probable future earning capacity" of offender other than the ultimate conclusion that she was capable of earning a sufficient amount so as to be able to pay $50 per month total towards fines, surcharges, costs, and restitution.

In *Garrett v. State*, 175 Ga. App. 400 (1) (333 SE2d 432) (1985), a hearing on restitution was held, but neither the transcript nor the record showed what the court found as fact (other than the ultimate fact which is stated in OCGA § 17-14-8 (a) (4)), nor that it considered the statutory factors. The court did not make written findings as to the factors to be considered, and some of them were not even orally discussed. Thus there was no certainty that the mandatory factors were considered; to the contrary, it appeared that they were not. As a

result, we remanded the case "for preparation of written findings of fact related to the factors in OCGA § 17-14-10" and explained that "[c]ommon sense dictates that the only way it can be assured that the Code requirements are complied with, and to test compliance, is for a record to be made." Id. at 403. See also *Woods v. State*, 205 Ga. App. 500 (422 SE2d 670) (1992).

Here, the court wrote that it considered all the mandatory factors and spelled them out, but it did not say what it found as fact with respect to those factors, and we have had to dig out what information the court had, at least as shown by the record, for its consideration of those factors. But it is not our function to make the findings of fact based on that information. It does little good to enter an order merely stating that the factors were considered if no findings resulting from such consideration are set out. Without them, the order merely affirms that the court based the ultimate decision to require restitution, in a certain amount, on what the legislature directed the court to take into account. The order as entered does state that the Code requirements were complied with but does not state what facts were found, and thus, it does not allow testing of that compliance.

In *Dukes v. State*, 213 Ga. App. 701, 703 (6) (446 SE2d 190) (1994), the court ordered restitution after a hearing at which the only evidence presented was evidence of the amount of damages suffered by the victims of one count of theft by receiving and two counts of theft by taking, each instance involving an automobile. The court did not make any findings in support of restitution. The case was remanded because the record revealed that the present financial condition of the offender and dependents and their probable future earning capacity were not considered. This court also required that written findings of fact relating to the factors be made, citing *Slater v. State*, 209 Ga. App. 723, 725-726 (4) (434 SE2d 547) (1993).

Although there was a waiver of the opportunity to present evidence, there was no waiver of the right to contest the court's order. It was part of the court's final judgment in the case. The only way to contest it would be by appeal, since there could be no motion for new trial on a plea of guilty. *Sanders v. State*, 179 Ga. App. 168 (1) (345 SE2d 677) (1986). Even after a trial and a restitution hearing at which the amount is not contested, the defendant can appeal the order and contest the proper consideration of the statutory factors and the failure to make the required findings of fact in connection therewith. *Slater*, 209 Ga. App. 723, 725 (4), supra.

In *Cannon* at 756, the Supreme Court concluded that OCGA §§ 17-14-8 through 17-14-10 "contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof. Morgan v. Wofford, 472 F2d 822 (5th Cir. 1973) (holding that a hearing is necessary on the damages

question).'' The court found that the trial court *had* conducted a hearing which covered the "points" (factors) set out in OCGA § 17-14-10, that defendant presented no defense other than the constitutional grounds which the Supreme Court rejected, and that the defendant did not contest the evidence of damages. It affirmed the conviction even though there were no written findings of fact with respect to the Section 10 factors, apparently because this was not an issue.

The case should be remanded to the trial court to make written findings of fact related to the statutory factors[1] and, only if the court did not have enough information, to conduct another hearing.

I am authorized to state that Judge Blackburn and Judge Smith join in this dissent.

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as it is my view that the trial court erred in ordering restitution without hearing evidence or entering specific findings addressing the factors set out in OCGA § 17-14-10. To this extent, I find nothing in the record supporting the majority's conclusion that the trial court "considered all of the factors it was required to consider." Further, I find no authority supporting the majority's conclusion that a defendant must volunteer evidence (without inquiry from the trial court) pertinent to factors the trial court must consider in determining the nature and amount of restitution.

" 'OCGA §§ 17-14-8 through 17-14-10 contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof.' (Citation and punctuation omitted.) *Bridges v. State*, 208 Ga. App. 555, 556 (1) (431 SE2d 164) (1993). Section 17-14-10 sets forth the factors to be considered by the court in determining the nature and amount of restitution, including the offender's present financial condition and future earning capacity and the amount of damages suffered by the victim." *Fonseca v. State*, 212 Ga. App. 463, 464 (2) (441 SE2d 912). In the case sub judice, the majority states that "the trial court's order demonstrates that the court properly considered all of the factors it was required to consider." This conclusion is not supported by the record. Although the trial court conducted a restitution hearing, the court did not consider evidence or make inquiry as to defendant's financial condition or her future earning capacity.

The majority does not refer to a scrap of evidence or material in the record (and I find none) indicating that the trial court actually considered any fact, evidence or report relevant to the present finan-

---

[1] Those being the only ones complained of which were inadequately addressed.

cial condition of defendant or her dependents (if there are any) and the probable future earning capacity of the defendant and her dependents. The majority simply quotes from a *form* order executed by the trial court which does not include findings of fact and does not refer to any evidence, report or inquiry supporting the conclusions contained therein. A complete and forthright reading of the restitution hearing transcript reveals that the trial court did not consider "all of the factors it was required to consider." This hearing transcript clearly demonstrates that the trial court heard evidence as to the amount of restitution and then bypassed any inquiry into defendant's present financial condition and her probable future earning capacity. To this extent, I am compelled to note that, after hearing evidence only as to the amount of the victim's loss, the trial court ruled (in open court) as follows: "THE COURT: Well, I find by a preponderance of the evidence that the restitution is in the amount of $4907 and that is the sentence of the Court along with ten years of probation at the Detention Center and the Diversion Center and restitution and a fine in the amount of $502."

Finally, without citation of authority, the majority concludes that a defendant must volunteer evidence (without inquiry from the trial court) pertinent to factors the trial court must consider in determining the nature and amount of restitution. Strictly speaking, this suggests that the trial court has no duty to consider the factors prescribed in OCGA § 17-14-10 so long as the State presents evidence as to the amount of the victim's loss. It is my view that this holding ignores well-established precedent.

As restated in *Slater v. State*, 209 Ga. App. 723 (434 SE2d 547), the law provides as follows: "It is not sufficient for the trial judge to consider only the amount of the victim's damages. *Jarrett v. State*, 161 Ga. App. 285 (4) (287 SE2d 746) (1982). Pursuant to OCGA § 17-14-10, the court must also consider other factors, including '(1) The present financial condition of the offender and [her] dependents; (and) (2) The probable future earning capacity of the offender and [her] dependents. . . .' 'Because the record [in the case sub judice clearly] reveals that such factors were not considered, [I believe that] that portion of the sentence imposing restitution [should be vacated] and remanded for hearing in compliance with (OCGA § 17-14-10).' *Jarrett v. State*, 161 Ga. App. at 287. [And pursuant] to *Garrett v. State*, 175 Ga. App. 400 (1) (333 SE2d 432) (1985), [I believe that] written findings of fact relating to the factors set forth in OCGA § 17-14-10 should also be made upon remand and rehearing." *Slater v. State*, 209 Ga. App. 723, 725 (4), supra. See *Thompson v. State*, 214 Ga. App. 889, 890 (3) (449 SE2d 364); *Bridges*, 208 Ga. App. 555, 556 (1), supra; *Woods v. State*, 205 Ga. App. 500 (422 SE2d 670); *Baker v. State*, 183 Ga. App. 100 (357 SE2d 896); *Williams v. State*, 180 Ga.

App. 854 (3) (350 SE2d 837).

Decided July 14, 1995 —
Reconsideration denied July 28, 1995.

*Howard J. Stiller*, for appellant.
*Britt R. Priddy, District Attorney, Kenneth B. Hodges, Jr., Assistant District Attorney*, for appellee.