## A98A0375. PRUITT v. THE STATE.
(496 SE2d 324)

BIRDSONG, Presiding Judge.

Harold E. Pruitt appeals his judgment of conviction of arson in the first degree. He enumerates three errors. *Held*:

1. Appellant contends the trial court erred in failing to consider all required statutory factors in imposing restitution. We agree. OCGA § 17-14-10 requires the ordering authority to consider the factors therein listed "[i]n determining the nature and amount of restitution," if any, to be ordered as a condition to relief as to sentence. See *Slater v. State*, 209 Ga. App. 723, 725 (4) (434 SE2d 547). (Note: OCGA § 17-14-2 (5) and (6) define the terms "ordering authority" and "relief," respectively.) OCGA § 17-14-10 (1) requires the ordering authority, in this instance the trial court, to consider "[t]he present financial condition of the offender and his dependents." The record reveals that the trial court considered as controlling the financial condition of appellant at the time the original defective sentence was imposed; and, regarding appellant's present financial condition at the time of resentencing, the trial court affirmatively stated on the record that "I don't think I have to take into consideration anything that has occurred since that time in order to impose sentence." As the appellate record reflects that the trial court did not consider all of the OCGA § 17-14-10 factors, particularly, but not limited to appellant's present financial condition at the time of resentencing, the sentence must again be vacated and the case remanded with direction. *Dukes v. State*, 213 Ga. App. 701, 703 (5) (446 SE2d 190), rev'd in part on other grounds, 265 Ga. 422 (457 SE2d 556).

2. " 'We find that (OCGA §§ 17-14-8 through 17-14-10) contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof.' " *Bridges v. State*, 208 Ga. App. 555 (1) (431 SE2d 164); compare *Gaskin v. State*, 221 Ga. App. 142, 144 (3) (a) (470 SE2d 531) (OCGA § 17-14-10 requires the ordering authority to make a record regarding consideration of certain enumerated factors; the trial court failed to enter written findings as required by law). "If the trial court again imposes restitution as a condition of probation on remand, it

(and the State) should ensure that a hearing is [again] held, the necessary factors are considered, and the necessary [written] findings are made — on the record." *Jones v. State*, 224 Ga. App. 340, 341 (2) (480 SE2d 618); *Slater*, supra at 726 (4); *Dukes*, supra at 704 (5), citing *Garrett v. State*, 175 Ga. App. 400 (1) (333 SE2d 432) (written findings of fact relating to the factors set forth in OCGA § 17-14-10 should be made upon remand and rehearing in the event restitution is again ordered). *Westmoreland v. State*, 192 Ga. App. 173, 176 (2) (b) (384 SE2d 249), which involved a situation of induced error, is distinguishable and not controlling in this case.

3. We note that the $10,000 fine was not imposed as a condition of restitution (see generally OCGA § 17-14-2 (7)); the statutory provision pertaining to restitution is not applicable to that portion of the sentence.

4. In view of our holding in Divisions 1 and 2, above, we do not here address appellant's remaining contentions; however, in the interest of judicial economy, we find that in order for the court to award restitution to appellant's former wife, the trial court must find and the record must support the finding that she was a "victim" within the meaning of OCGA § 17-14-2 (7) and (8). We further note appellant's contention that "[t]o include the enforcement of a civil judgment in a criminal judgment is *imprisonment for debt* and is prohibited by [Art. I, Sec. I, Par. XXIII of] the Constitution of this State." Appellant has failed to cite any cases directly in point with this contention, and we are unaware of any cases in which our appellate courts have interpreted this constitutional provision under the circumstances of restitution here attendant. Compare *Maurier v. State*, 112 Ga. App. 297 (144 SE2d 918); *Curtis v. State*, 102 Ga. App. 790 (118 SE2d 264). In this regard, this Court lacks jurisdiction to construe, particularly as to questions of first impression, the scope of the Georgia Constitution of 1983 and its application to the facts of this case. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); *Kolker v. State*, 193 Ga. App. 306, 307 (1) (387 SE2d 597), aff'd, 260 Ga. 240 (391 SE2d 391); *Phillips v. MacDougald*, 219 Ga. App. 152, 155 (2) (e) (464 SE2d 390); see *In the Interest of T. A. W.*, 214 Ga. App. 1, 2, 5 (447 SE2d 136), rev'd on other grounds, 265 Ga. 106 (454 SE2d 134).

*Judgment of conviction affirmed, sentence vacated and case remanded with direction. Johnson and Smith, JJ., concur.*

DECIDED JANUARY 23, 1998.

*George E. Argo*, for appellant.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellee.